IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | Case No.: 20-cv-07115 |
| *Plaintiff,* | |
| v. | Hon. Matthew F. Kennelly |
| THOMAS GIRARDI, et al. | |
| *Defendants.* | |

**PLAINTIFF'S MOTION TO SEVER CLAIMS AGAINST STILLWELL MADISON, LLC
AND DISMISS WITH PREJUDICE**

Plaintiff Edelson PC hereby moves to sever its claims against Defendant Stillwell Madison, LLC and dismiss them with prejudice. In support of its motion, it states as follows:

1. This lawsuit relates to the alleged misappropriation of settlement funds due to plaintiffs in *IN RE: Lion Air Flight JT 610 Crash*, Lead Case No. 18-cv-07686 before the Honorable Thomas M. Durkin. Judge Durkin has begun show-cause proceedings with respect to several of those settlements, and Plaintiff anticipates filing a motion to transfer this case to Judge Durkin at the appropriate time. *See* Local Rule 40.4(c) (providing that motions to transfer should be filed after all parties have appeared and answers or otherwise pleaded).

2. In its complaint, Plaintiff brought a claim for an accounting against Defendant Stillwell Madison, LLC. Stillwell Madison has since provided the accounting and demonstrated that it did not take or otherwise misappropriate any of the funds from the *Lion Air* settlement. Having received all of the relief it asked for and in reliance on the evidence provided, Plaintiff has agreed to dismiss its claims against Stillwell Madison with prejudice.

3. Normally, a dismissal with prejudice at this early stage could be achieved without the Court's intervention via Rule 41(a). However, Rule 41(a) does not permit Plaintiff or the

1

Court to dismiss anything less than the entire action, as against all defendants. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). In *Taylor*, the Seventh Circuit suggests amendment of pleadings as a substitute, but amendment cannot effect the dismissal with prejudice that the parties have agreed to here.

      4.      To avoid that problem, Plaintiff proposes severing its claim against Stillwell Madison for the purpose of entering dismissal with prejudice. Federal Rule of Civil Procedure 21 provides that "[a]s long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Here, Stillwell Madison is only named in the claim for an accounting, and the additional information it provided has made clear that it has received no funds in any way traceable to the *Lion Air* settlements. Accordingly, it faces "no liability at all" and "its presence [is] not necessary." *See id.* Because "severed claims proceed as if suits had been filed separately," *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011), the Court can then dismiss the entire case against Stillwell Madison with prejudice under Rule 41(b), while leaving the remainder of the claims against other defendants pending in the original action.

**WHEREFORE**, Plaintiff Edelson PC respectfully requests that the Court enter an order 1) severing Plaintiff's claims against Stillwell Madison pursuant to Rule 21; 2) dismissing the severed action with prejudice pursuant to Rule 41(b); and 3) granting any such further relief as it deems reasonable and just.

Respectfully submitted,

**EDELSON PC**

Dated: December 10, 2020

/s/ Alexander G. Tievsky
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
EDELSON PC
350 North LaSalle, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435