## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| *v.* | ) ) | Case No.: 1:20-cv-07115 |
| THOMAS GIRARDI, an individual, GIRARDI KEESE, a California general partnership, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL LLC, a California limited liability company, GIRARDI FINANCIAL, INC., a Nevada corporation, DAVID LIRA, an individual, KEITH GRIFFIN, an individual, JOHNSTON HUTCHINSON & LIRA LLP, a California limited liability partnership, ROBERT FINNERTY, an individual, ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation, STILLWELL MADISON, LLC, a Delaware limited liability company, and JOHN DOE 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Matthew F. Kennelly |
| *Defendants.* | ) | |

-----------------------------------------------------------------

## DEFENDANT, KEITH GRIFFIN'S, MEMORANDUM IN SUPPORT OF HIS OPPOSED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

NOW COMES Defendant, KEITH GRIFFIN ("Griffin"), an individual, by and through his attorneys, ROSEN SABA LLP and CASSIDAY SCHADE, LLP, and, pursuant to Fed. R. Civ. P. 12(b)(2), hereby moves this Court to dismiss Plaintiff's, EDELSON PC's, Complaint (Doc. No. 1), and, in support thereof, Griffin states as follows:

## INTRODUCTION

Edelson PC breathes fire and brimstone into a lawsuit that is nothing more than an attempt to collect its own legal fees. Edelson defames a host of non-responsible parties while seeking to recover millions for itself. Plaintiff, Edelson PC, an Illinois professional corporation, named attorney Keith Griffin in its Complaint (*See*, Doc. No. 1) seeking payment of co-counsel fees from Defendant Girardi Keese concerning the Lion Air Litigation. Attorney Griffin is a former W-2 employee of Girardi Keese, a Los Angeles law firm, and a resident of Los Angeles, California. Attorney Griffin is incontrovertibly not subject to personal jurisdiction in Illinois. Mr. Griffin is, and has always been, a resident of the State of California and has never had a principal place of business in Illinois. In addition, Plaintiff has not alleged any facts that demonstrate attorney Griffin engaged in any suit-related conduct that created a substantial connection to Illinois. Without justification or legal basis, Plaintiff has included a non-owner, non-partner, employee in a fee dispute lawsuit against his former employer, Girardi Keese. Personal jurisdiction is lacking and dismissal of attorney Griffin is appropriate.

## STATEMENT OF RELEVANT FACTS

Plaintiff, Edelson PC, brought a lawsuit for various contract-related claims relating to payments of its attorney fees in connection with the Lion Air Litigation (*See*, *In Re: Lion Air Flight JT 610 Crash*, Case No.: 18-cv-07686 (N.D. Ill., the Hon. Thomas M. Durkin presiding)) on December 2, 2020 (*See*, Doc. No. 1). Plaintiff also purports to bring claims on behalf of former Girardi Keese clients (wrongful death claimants relating to the Lion Air crash), although Edelson PC no longer represents these clients, no such client is a party to this action, and the clients have already obtained judgments against Girardi Keese. (*See* Affidavit of Ryan Saba, Exs.

B-G). The remaining Defendants in this suit all reside in California. (*See*, Doc. No. 1, ¶¶ 17-30).

Plaintiff has not alleged any facts in the operative complaint, other than boiler-plate language, that would confer personal jurisdiction over Defendant Griffin in the State of Illinois. Plaintiff contends that Girardi Keese failed to honor certain co-counsel agreements relating to the prosecution of various claims in the Lion Air litigation. Plaintiff contends that Defendant Griffin breached co-counsel agreements, although such agreements were indisputably entered between Plaintiff and Girardi Keese, not personally with employee-attorney Griffin.

The only alleged facts relating to Mr. Griffin in the operative complaint concerning the legal fee dispute with Edelson start at paragraph 49 of the complaint (*See*, Doc. No. 1, ¶ 49), wherein Plaintiff contends that Defendant Griffin corresponded with Edelson managing partner Rafey Balabanian. (*See*, Doc. No. 1, ¶¶ 49, 53, 55-56). It is undisputed that Rafey Balabanian resides in California, practices at the San Francisco office of Edelson PC and that all communications with Balabanian took place within the State of California. (*See* Affidavit of Ryan Saba, Ex. A. *See also* Affidavit of Keith Griffin).

The crux of Plaintiff's complaint is that Thomas Girardi, the sole owner of Girardi Keese, "who exercises exclusive and total control of all bank accounts for GK", embezzled settlement funds meant for Lion Air clients and failed to pay Edelson its co-counsel fees. (*See*, Doc. No. 1, ¶ 63). All of the property at issue in the case, namely the settlement funds, was delivered to Girardi Keese in California. (*See*, Doc. No. 1, ¶ 115). All of the tortious activity complained of, namely Girardi Keese's failure to pay co-counsel fees, took place exclusively in California. (*See*, Doc. No. 1, ¶ 118). The operative complaint does not, and cannot, state any facts that confer personal jurisdiction over Defendant Griffin in the State of Illinois.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a party may challenge the legality of personal jurisdiction by motion prior to filing a responsive pleading. A motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2); *Central States v. Phencorp. Reins Co.*, 440 F.3d 870, 875 (7th Cir. 2006).

## I. THE PLAINTIFF BEARS THE BURDEN TO ESTABLISH PERSONAL JURISDICTION.

Once the defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In analyzing a Rule 12(b)(2) motion, courts may consider matters outside of the pleadings. *See id.* In the absence of an evidentiary hearing, courts take plaintiff's asserted facts as true; however, where the plaintiff fails to refute facts contained in the defendant's affidavit, courts accept those facts in the affidavit as true. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## II. DUE PROCESS REQUIRES PLAINTIFFS TO ESTABLISH THAT THE COURT HAS GENERAL OR SPECIFIC JURISDICTION OVER A DEFENDANT.

A court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's long arm statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The due process clause permits the exercise of personal jurisdiction over a nonresident defendant as long as the defendant purposefully has established "minimum contacts" with the forum state. *Burger King Corp. v.*

4

*Rudzewicz,* 471 U.S. 462, 474 (1985). It is well-established that the Due Process Clause of the Fourteenth Amendment limits the personal jurisdiction of the courts. *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S.Ct 1773, 1779 (2017); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Due process requires that nonresident defendants have certain minimum contacts with the forum state. *Id.*

Under the minimum contacts requirement, a defendant may be subject to either "general jurisdiction" or "specific jurisdiction". *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). General jurisdiction only exists where a defendant's affiliations with the forum are so "continuous and systematic" as to render the defendant essentially at home in the forum state. *Bristol-Myers Squibb Co.,* 137 S.Ct. at 1785 (citing *Goodyear Dunlap Tires Operations, SA v. Brown*, 564 U.S. 915, 919 (2011). Absent exceptional circumstances, courts must look to the defendant's place of incorporation and principal place of business to determine general jurisdiction. *Daimler AG v. Bauman*, 134 S.Ct. 746,760 (2014). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *See Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 924 (2011). In contrast, establishing specific jurisdiction requires that (1) the defendant must have purposely availed himself of the privilege of conducting business in the forum state or purposely directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Felland*, 682 F.3d at 673.

## ARGUMENT

Plaintiff's allegations fail to establish general or specific jurisdiction over Defendant Griffin. Plaintiff also fails to allege any facts to establish personal jurisdiction. The absence of such facts is telling of the lack of evidence to establish that Defendant Griffin is subject to personal jurisdiction. Griffin is not subject to general personal jurisdiction in Illinois as he is not and never has been a resident of Illinois, has no principal place of business in Illinois and cannot be considered "at home" in the State of Illinois. Furthermore, Defendant Griffin is not subject to specific jurisdiction in Illinois because Griffin did not purposely direct any injury-causing activities in the forum jurisdiction and Plaintiff's claims do not arise from or relate to any actions Defendant Griffin conducted in or directed to Illinois. Thus, the Court should grant Defendant Griffin's motion to dismiss because Griffin is not subject to personal jurisdiction in Illinois in this action.

## I. THE COURT SHOULD GRANT DEFENDANT GRIFFIN'S MOTION TO DISMISS BECAUSE HE IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION IN ILLINOIS.

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *See Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 924 (2011). The constitutional requirement for general jurisdiction is "considerably more stringent" than that required for specific jurisdiction. *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (internal quotations omitted); *see also ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir.1997) ("[T]he threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction."). General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104

S.Ct. 1868, 80 L.Ed.2d 404 (1984); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th

Cir. 2002); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir.1997). These contacts

must be so extensive to be tantamount to a defendant being constructively present in the state to

such a degree that it would be fundamentally fair to require it to answer in an Illinois court in any

litigation arising out of any transaction or occurrence taking place anywhere in the world. *See*

*Purdue Research Foundation v Sanofi-Synthelabo, SA,*338 F.3d 773, 787 (7th Cir. 2003).

In the instant case, it is undisputed that Defendant Griffin is not and has never been

domiciled in the State of Illinois. (*See* Affidavit of Keith Griffin). In addition, Griffin does not

have such continuous and systematic business contacts with Illinois such that he could be

considered to be "at home" in Illinois. As such, Defendant Griffin's motion to dismiss should be

granted because there is absolutely no basis to exercise general jurisdiction over Defendant

Griffin.

## II.     THE COURT SHOULD GRANT DEFENDANT GRIFFIN'S MOTION TO DISMISS BECAUSE GRIFFIN IS NOT SUBJECT TO SPECFIC JURISDICTION IN ILLINOIS.

Specific jurisdiction exists where there is an affiliation between the forum and the

underlying controversy, *i.e.,* some activity or occurrence "that takes place in the forum State and

is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court of*

*California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011); *See also Walden v. Fiore,* 571 U.S. 277,

134 (2014). Specific jurisdiction is confined to the adjudication of issues deriving from, or

connected with, the very controversy that establishes jurisdiction. *Bristol-Myers*, 137 S.Ct at

1780. As the United States Supreme Court has explained, when there is no connection, specific

jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the

State. *Bristol-Myers,* 137 S.Ct. at 1781. What is needed is a connection between the forum and

the specific claims at issue. *Bristol-Myers*, 137 S.Ct at 1780. The mere fact that this conduct

affects a plaintiff residing in the forum state does not suffice to authorize jurisdiction. *Walden*,

134 S.Ct at 1125. The plaintiff cannot be the only link between the defendant and the forum. *See*

*Walden*, 134 S.Ct. at 1122.

In *Walden*, the United States Supreme Court analyzed the "minimum contacts" necessary

for the assertion of specific jurisdiction over a foreign defendant, articulating the inquiry as

follows:

> The inquiry whether a forum State may assert specific jurisdiction over a
> nonresident defendant "focuses on 'the relationship among the defendant, the
> forum and the litigation.'" *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775
> (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). **For a State to**
> **exercise jurisdiction consistent with due process, the defendant's suit-related**
> **conduct must create a substantial connection with the forum state.**

134 S.Ct. at 1121. (emphasis added).

The *Walden* court went on to explain that the relationship of the foreign defendant to the

forum State has "[t]wo related aspects." 134 S.Ct at 1122. Specifically, the Court noted:

> First, the relationship must arise out of contacts that the "**defendant himself"**
> **creates with the forum State.**" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462,
> 475 (1985). Due process limits on the State's adjudicative authority principally
> protect the liberty of the nonresident defendant – not the convenience of plaintiffs
> or third parties. *See World-Wide Volkswagen Corp v. Woodson.*, 444 U.S. 286,
> 291-292 (1980). We have consistently rejected attempts to satisfy the defendant-
> focused "minimum contacts" inquiry by demonstrating contacts between the
> plaintiff (or third parties) and the forum state. *See Helicopteros Nacionales de*
> *Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

134 S.Ct at 1122. (emphasis added).

The second aspect of the defendant's relationship with the forum State identified in

*Walden* is that:

**Our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.** *See, e.g., International Shoe v. State of Washington*, 326 U.S. 310, 319 (1945). (Due process 'does not contemplate that a state may make a binding judgment *in personam* against an individual…with which the state has no contacts, ties or relations'); *Hanson v. Denckla,*357 U.S. 235, 251 (1958) (However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the "minimal contacts" with the State that are a prerequisite to its exercise of power over him").

134 S.Ct. at 1122. (emphasis added).

The 7th Circuit applies a three-prong test to determine if a plaintiff has met its burden to prove specific personal jurisdiction: (1) the defendant must have purposely availed himself of the privilege of conducting business in the forum state or purposely directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Felland,* 682 F.3d at 673. Defendant Griffin in his individual capacity did not conduct any business in the State of Illinois or individually direct any activity at the State. Furthermore, any injury suffered by the Plaintiff did not arise from any forum-related activity by Defendant Griffin. It would offend traditional notions of fair play and substantial justice to find Defendant Griffin subject to personal jurisdiction in Illinois.

### A.     Defendant Griffin Did Not Purposely Avail Himself of the Laws and Protections of Illinois.

Defendant Griffin was, and at all times identified in the operative complaint, a W-2 employee of Girardi Keese. (*See* Affidavit of Keith Griffin). The co-counsel agreement at issue is indisputably between Girardi Keese, on the one hand, and Edelson PC, on the other hand. (*See,* Doc. No. 1, ¶ 102) Although the agreement was signed by Defendant Griffin in Los Angeles on behalf of his employer Girardi Keese, such does not transform the subject agreement into a personal obligation of Mr. Griffin, nor does it represent any personal or individual business

9

conduct within the State of Illinois. Any and all contact that Mr. Griffin had with Edelson PC employees was conducted as an employee of Girardi Keese and thereby cannot be manipulated into any individual conduct of purposeful availment.

The United States Supreme Court in *Calder v. Jones, 465 U.S. 783* (1984), laid out the three requirements for determining whether conduct was purposefully directed at the forum state: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt-that is, the plaintiff would be injured-in the forum state." *Felland*, 682 F.3d at 674-75. There can be no argument that employee-attorney Griffin engaged in any intentional or tortious conduct knowing that such would injure the Plaintiff in the forum state. Griffin is not a party to the fee-sharing agreement between Girardi Keese and Edelson PC and maintained no control over the Girardi Keese finances. (*See* Affidavit of Keith Griffin). There is simply no evidence to support a contention that Defendant Griffin purposely availed himself of the law and protections in Illinois when it is undisputed that he was not a party to the fee-sharing agreement under which Plaintiff seeks recovery.

**B.    Plaintiff's Claims Do Not Arise or Relate to Defendant Griffin's Actions in Illinois.**

Recently, in *Bristol-Myers Squibb Co.*, the United States Supreme Court clarified the scope of personal jurisdiction with respect to the second prong of the test. *See* 137 S.Ct. 1773. The Court stated that "specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Meyers Squibb Co.,* 137 S.Ct. at 1780. "In order for a state to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum.*" *Id.* (modifications and emphasis in original) (citing *Daimler*, 134 S.Ct. 746). "When there is no such connection,

specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

Although Defendant Griffin was improvidently named in this fee dispute complaint, there is no question that any alleged involvement by Griffin took place solely in California. Plaintiff concedes that the property in question, namely the settlement funds in the Lion Air matter, were delivered to the Girardi Keese trust account in Los Angeles, California. (*See*, Doc. No. 1, ¶ 115). Plaintiff lays claim to a portion of these settlement funds based on its fee agreement(s) with Girardi Keese, which were also drafted and signed in California. The fact that the underlying litigation on behalf of the Lion Air claimants took place in Illinois is ancillary and unrelated to this fee dispute.[1] The Lion Air litigation in Illinois related solely to the prosecution and settlement of various wrongful death claims. Plaintiff Edelson's fees were never litigated or part of any litigation in Illinois.

Plaintiff will likely contend that Defendant Griffin had communications with Edelson lawyers and therefore stepped into the scope of personal jurisdiction. However, Griffin's contact with Edelson concerning the fee dispute between Girardi Keese and Edelson PC was made with Edelson attorney Rafey Balabanian, who is a California lawyer with his Edelson business office in San Francisco, California. (*See*, Doc. No. 1, ¶¶ 49, 53, 55-56; *see also* Affidavit of Ryan Saba, Ex. A).

With respect to attorney contacts and communications implicating personal jurisdiction, the Seventh Circuit looks to *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), and its progeny. In *Wallace*, an Indiana resident sued three California attorneys in Indiana for malicious prosecution

---

[1] To that end, Mr. Griffin did not even make an appearance in Court or file a Notice of Appearance in *In Re: Lion Air Flight JT 610 Crash*, Case No.: 18-cv-07686 (N.D. Ill., the Hon. Thomas M. Durkin presiding)

11

based on a prior lawsuit the defendants litigated against the plaintiff in California. *See John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC* , 2017 U.S. Dist. LEXIS 41840, *32 (N.D. Ill. 2017) (citing *Wallace v. Herron*, 778 F.2d 391, 392). The plaintiff contended that the court could exercise personal jurisdiction based on the defendant lawyers' litigation-related activities in the state, including serving discovery and causing the plaintiff to respond to five complaints in the forum state where plaintiff resided. *Wallace, Id.* at 394. The *Wallace* court found that the alleged malicious litigation activities constituted attenuated contacts and declined to confer personal jurisdiction over the out-of-state attorneys.

"Other courts, in several jurisdictions, have similarly refused to exercise specific jurisdiction over attorneys for the forum state contacts related to out-of-state litigation, even when the attorneys were representing clients residing in the forum state." *John Crane Inc.* at *33. Just as here, the focal point of the allegedly bad conduct, namely Girardi Keese's failure to pay co-counsel fees, all took place in California. The underlying MDL litigation for the Lion Air claimants is unrelated to the conduct at issue in this complaint. In *Cote v. Wadel*, 796 F.2d 981, 983-84 (7th Cir. 1986), the Court declined to find personal jurisdiction over a Michigan lawyer who was hired by a Wisconsin resident to represent her in a Michigan state court. "The Seventh Circuit held that personal jurisdiction did not exist in Wisconsin, even though the lawyer directed calls and letters to his client in Wisconsin, because the actions at issue in her suit – the defendant's failure to prosecute her initial lawsuit- all occurred in Michigan. The court explained that the 'only significant connection between the suit and Wisconsin is that the plaintiff lives there' and the 'letters and phone calls that passed between' the defendant and the plaintiff were 'not enough to close the gap'". *John Crane Inc.* at *33-*34 (citing *Cote*, 796 F.2d at 983-84)

The *Wallace* line of cases are analogous to the instant litigation in that a forum residing Plaintiff, Edelson PC, is attempting to haul a non-resident California attorney into the forum based on alleged conduct that occurred outside of the forum. Again, there can be no dispute that the fee contract at issue was created and signed in California, that the subject of the dispute, namely the settlement funds, were delivered to California and any fee dispute related communications by Defendant Griffin took place solely in California. Forum-state injury is not enough. *Tamburo*, 601 F.3d at 706. "Bad financial consequences to a firm in Illinois...are not the same as a tortious injury occurring to the firm in Illinois." *John Crane Inc.* at \*37-\*38 (citing *Macey & Aleman v.* Simmons, No. 10-C-6646, 2012 U.S. Dist. LEXIS 19828, 2012 WL 527526 at \*4 (N.D. Ill. Feb. 15, 2012).

### C. The Exercise of Personal Jurisdiction Over Defendant Griffin is Not Reasonable in this Matter.

Plaintiff has not made allegations sufficient to establish that its claims arose from Defendant Griffin's activities and it cannot meet its burden to establish jurisdiction because all activities related to Defendant Griffin occurred outside California. However, even if Plaintiff could meet its burden (which it cannot), it would be unreasonable to assert jurisdiction over Defendant Griffin in this case.

Factors relevant to the determination of whether the assertion of jurisdiction comports with fair play and substantial justice include the burden on the defendant, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining convenient and effective relief. *Burger King Corp. v. Rudzeicz*, 471 U.S. 462, 471-476 (1985). Here, it cannot be disputed that the burdens on Defendant Griffin to litigate this matter in Illinois is substantial- Defendant Griffin is a now-unemployed attorney residing in California. Furthermore, there is no way that the Plaintiff can obtain "convenient and effective relief" from a lawsuit in Illinois as the

contracting party to the fee dispute, Girardi Keese, has gone into bankruptcy and cannot be sued or cross-claimed against in this litigation. (*See*, Doc. No. 37) Plaintiff must file its fee claim against Girardi Keese in bankruptcy court in order to achieve effective relief. Assertion of personal jurisdiction against Defendant Griffin, under the facts of this matter, does not comport with traditional notions of fair play and substantial justice and as such, the Court should decline to assert personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant Griffin respectfully requests that the Court dismiss Plaintiff's complaint as to Defendant Griffin for lack of personal jurisdiction.

Respectfully submitted,

*/s/ Ryan Saba*
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
9350 Wilshire Boulevard, Suite 250
Beverly Hills, CA 90212
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**One of the Attorneys for Defendant,**
**Keith Griffin, an individual**

John. A. O'Donnell, Sr.
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
jodonnellsr@cassiday.com
*Attorney for Defendant, Keith Griffin*