IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | Case No.: 20-cv-07115 |
| *Plaintiff,* | |
| | Hon. Matthew F. Kennelly |
| v. | |
| THOMAS GIRARDI, et al. | |
| *Defendants.* | |

**JOINT STATUS REPORT**

Pursuant to the Court's February 5, 2021 order, the parties submit the following joint status report:

**(1)    The status of service of process upon each defendant**

Defendants David Lira and Keith Griffin have been served and have appeared. Defendants EJ Global LLC and Girardi Financial, Inc. have been served, have failed to appear, and have defaulted. Defendants Girardi Keese and Thomas Girardi have not been served, and the case against them is stayed due to bankruptcy proceedings. Defendant Erika Jayne has not yet been served because it is not yet clear whether Thomas Girardi's bankruptcy stays the case against her, and the trustee of Mr. Girardi's estate has indicated that he does not yet understand enough about the state of Mr. Girardi's affairs to determine whether he has a position on that matter. The claims against the remainder of the defendants named in the complaint have been dismissed.

**(2)    A description of each party's claims and defenses**

**Plaintiff's Statement**: Plaintiff Edelson PC represented the family members of victims of the Lion Air Flight 610 crash in litigation against Boeing together with the law firm Girardi

1

Keese and several of its attorneys: Defendants Thomas Girardi, David Lira, and Keith Griffin. Edelson PC provided its services pursuant to two contracts under which Edelson PC would receive a portion of the attorneys' fees collected by Girardi Keese, Girardi, Lira, and Griffin from any settlement. The matters settled, and Boeing wired funds into Girardi Keese's client trust account. However, instead of giving the Boeing plaintiffs their settlement funds and paying Edelson the portion of attorneys' fees agreed to, Girardi Keese, Girardi, Lira, and Griffin stole the money and kept it for themselves. Edelson thus seeks damages for conversion and breach of contract.

Under these unfortunate circumstances, for a law firm to take money before the injured clients are made whole would be morally abhorrent. Accordingly, Edelson has also sought equitable relief: an accounting so that it can understand what happened to the funds and imposition of a constructive trust, which will ensure that any monies recovered go to the injured clients before Edelson. Edelson also requests that the constructive trust extend to Defendants Erika Jayne and EJ Global LLC, who Edelson alleges knowingly received stolen funds.

**Defendant Griffin's Statement:** This a case solely about Edelson trying to collect their share of attorneys' fees and nothing more. Even though Edelson has publicly disclaimed their desire to collect their fees, they bring this lawsuit against Defendant Keith Griffin who is a former employee attorney of Defendant Girardi Keese. During his employment with Girardi Keese, Mr. Griffin was never an equity partner, shareholder or owner of Girardi Keese. Furthermore, Mr. Griffin was never the recipient of, nor promised any money, from the settlement proceeds of the Lion Air Litigation. Despite the false allegations by Edelson in this very statement, Mr. Griffin did not have access to or control over the Lion Air Litigation settlement funds and did not "steal" any funds whatsoever. Further, Defendant Griffin does not

have access to the financial accounting records of Girardi Keese or the servers or any documents in the possession or control of the law firm. Although Plaintiff explicitly pleads that it entered a fee sharing agreement only with Girardi Keese, individual former employee Griffin has nonetheless been improvidently named in this lawsuit. Mr. Griffin is, and has always been, a resident of Los Angeles, California and has never resided, owned property or operated any business in the State of Illinois. Mr. Griffin has filed a FRCP 12(b)(2) Motion to Dismiss based on personal jurisdiction [Docket #s41 and 42] Further, even if this Court does have jurisdiction over Defendant Griffin, this lawsuit should still be dismissed and brought in the bankruptcy court as argued by Defendant Lira in his Motion to Dismiss [Docket #s 43 and 44.]

**Defendant Lira's Statement:** It is false and defamatory to state that Defendant Lira stole [the Lion Air plaintiffs'] money and kept it for [himself]. Defendant Lira has not received any monies from any Lion Air settlement. Mr. Lira, who was a salaried employee of Girardi|Keese, did not receive any fees from the Lion Air settlements and certainly did not receive any of the monies due to the clients. Certain of the Lion Air plaintiffs had been referred to Mr. Lira by Anthony Koushan; Boeing paid the settlement funds owed to those clients to Mr. Koushan's trust account. Those clients were paid in full by wire transfers initiated within 48 hours of the receipt of the funds from Boeing. Mr. Koushan tendered a portion of the referral fees to Plaintiff Edelson.

Certain of the Lion Air plaintiffs had been referred directly to Girardi|Keese. Boeing paid the settlement funds owed to those clients to the Girardi|Keese trust account.
When Mr. Lira received an inquiry regarding payment of the settlement from one of the clients that had been referred to Mr. Girardi, Mr. Lira questioned Mr. Girardi, who said that the amounts would be paid and that Mr. Lira did not need to worry about it. Mr. Lira told Mr. Girardi that the funds must be paid immediately. Mr. Girardi continued to promise that the clients would be paid in full until Mr.

Lira left Girardi|Keese on June 13, 2020 and to others thereafter. While Mr. Lira could demand that Mr. Girardi pay the clients on the cases that had been referred to Girardi, Mr. Lira could not force Mr. Girardi to make the wire transfers. Mr. Girardi had to approve any wire transfer. Mr. Lira could not make the wire transfers himself. The Girardi filings in the contempt proceedings show that Mr. Girardi did not pay the clients, as of the time of the filings did not have the ability to do so and could not account for the funds.

Mr. Lira has no ability to provide an accounting of the funds owed to the Girardi clients. He has no access to any books and records of Girardi|Keese or Mr. Girardi. Those records are in the custody and control of the Bankruptcy Trustees in the following cases pending in the United States Bankruptcy Court in the Central District of California: In re Thomas Vincent Girardi, Case No. 2:20-bk-21020-BR and In re Girardi Keese, Case No.: 2:20-bk-21022-BR. Plaintiff Edelson's request for an accounting of the funds paid to Girardi|Keese must be made in the bankruptcy proceedings.

**(3)** **Details regarding any discussions concerning settlement, whether before or after the filing of the lawsuit**

The parties have engaged in some preliminary discussions to determine whether settlement is a realistic option in this action.

**(4)** **A proposed discovery and pretrial schedule**

**Plaintiff proposes the following schedule:**

Deadline to file amended complaint: 14 days after order of bankruptcy court (see below).

Answers or motions to dismiss amended complaint: 28 days after filing of amended complaint.

Response to motions to dismiss amended complaint: 28 days after filing of motions to dismiss.

Replies in support of motions to dismiss amended complaint: 14 days after filing of response.

Close of fact discovery: 180 days after answers or order on motions to dismiss.

Close of expert discovery: 60 days after close of fact discovery.

Dispositive motion deadline: 60 days after close of expert discovery.

**Defendant Griffin proposes the following schedule:** Defendant Griffin contends that there should be a date certain in which Edelson is required to file an amended complaint and it should not be any later than the date Edelson's opposition is due to Defendant Griffin's Motion to Dismiss pursuant to FRCP 12(b)(2). Plaintiff agrees that Edelson should have 28 days to oppose the Motion, so Edelson's opposition should be filed by March 12, 2021. Griffin's reply should be filed by March 26, 2021. Fact discovery should be terminated 180 days after all Defendants have answered the Complaint. Expert Discovery shall terminate 60 days after fact discovery is completed. Dispositive motion deadline shall be 60 days after the termination of expert discovery. Trial should be at least 60 days after the dispositive motions are decided by this Court.

**(5)** **Any other matters that any party wishes to bring to the Court's attention**

**Plaintiff's Statement**: Edelson believes that the interests of judicial economy will be served by transferring this case to Judge Durkin, who is overseeing all actions related to the Lion Air crash in this district and is therefore very familiar both with the Lion Air litigation and the conduct alleged here. Judge Durkin has already held Thomas Girardi and Girardi Keese in contempt, and he has indicated that he intends to hold an in-person civil contempt hearing as to Mr. Lira and Mr. Griffin once it is safe to do so. Much of the testimony at the contempt hearing will be relevant to this lawsuit as well, so much so that it may reduce the need for discovery. No

transfer motion has been filed to date because Local Rule 40.4(c) provides that motions for transfer should be filed before the judge with the lowest numbered case (here, Judge Durkin) after all defendants have answered or filed Rule 12 motions. The defendants who have appeared filed their Rule 12 motions on February 12, 2021.

Edelson also intends to seek leave to amend its complaint. However, it needs to make sure that it does not violate the bankruptcy stay in doing so. Accordingly, Edelson intends to petition the bankruptcy court for an order permitting it to amend its complaint and move to transfer the case.

**Defendant Griffin's Statement:** It is completely inappropriate for Edelson to seek a transfer of this action via a Case Management Statement. Defendant Griffin opposes any such request since this matter has different parties and different claims. Judge Durkin's orders of contempt against Thomas Girardi and Girardi Keese have no bearing on the allegations against Defendant Griffin set forth in this matter.

Defendant Griffin filed a Motion to Dismiss for Lack of Jurisdiction pursuant to FRCP 12(b)(2). This motion should be decided before any further orders by this Court because if this Court does not have jurisdiction over Defendant Griffin, then any such additional orders will not be binding or necessary.

**Defendant Lira's Statement:** Defendant Lira would refer the court to the Motion to Dismiss filed on February 12, 2021 [Dkt #'s. 43, 44, 44-1, 44-2] which sets forth in full the reasons why Defendant Lira has asked this court to dismiss or stay this action in light of the pending bankruptcies in the Central District of California and the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Griffin.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **EDELSON PC** |
| Dated: February 16, 2021 | By: /s/ Alexander G. Tievsky<br>One of Plaintiff's Attorneys |
|  | Jay Edelson<br>jedelson@edelson.com<br>Alexander G. Tievsky<br>atievsky@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, Illinois 60654<br>Tel: 312.589.6370 / Fax: 312.589.6378 |
|  | **DAVID LIRA** |
| Dated: February 16, 2021 | By: /s/ Edith R. Matthai<br>One of His Attorneys |
|  | Edith R. Matthai, Esq.<br>Leigh P. Robie, Esq.<br>350 S. Grand Avenue, Suite 3950<br>Los Angeles, California 90071<br>(213) 706-8000<br>ematthai@romalaw.com |
|  | **KEITH GRIFFIN** |
| Dated: February 16, 2021 | By: /s/ Ryan Saba<br>One of His Attorneys |
|  | Ryan Saba<br>Rosen Saba LLP<br>9350 Wilshire Blvd, Suite 250<br>Beverly Hills, CA 90212<br>Telephone: (310) 285-1727<br>Fax: (310) 285-1728<br>rsaba@rosensaba.com |