**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *v.* | ) | |
| | ) | Case No.: 1:20-cv-07115 |
| THOMAS GIRARDI, an individual, | ) | |
| GIRARDI KEESE, a California general | ) | |
| partnership, ERIKA GIRARDI a/k/a ERIKA | ) | Hon. Matthew F. Kennelly |
| JAYNE, an individual, EJ GLOBAL LLC, a | ) | |
| California limited liability company, | ) | |
| GIRARDI FINANCIAL, INC., a Nevada | ) | |
| corporation, DAVID LIRA, an individual, | ) | |
| KEITH GRIFFIN, an individual, | ) | |
| JOHNSTON HUTCHINSON & LIRA LLP, | ) | |
| a California limited liability partnership, | ) | |
| ROBERT FINNERTY, an individual, | ) | |
| ABIR COHEN TREYZON SALO, LLP, a | ) | |
| California limited liability partnership, | ) | |
| CALIFORNIA ATTORNEY LENDING II, | ) | |
| INC., a New York corporation, STILLWELL | ) | |
| MADISON, LLC, a Delaware limited | ) | |
| liability company, and JOHN DOE 1-10, | ) | |
| | ) | |
| *Defendants.* | ) | |

------------------------------------------------------------

**DEFENDANT KEITH GRIFFIN'S RESPONSE TO PLAINTIFF'S MOTION FOR**
**LEAVE TO TAKE DEPOSITIONS OF KEITH GRIFFIN AND DAVID LIRA**

**I.**

**INTRODUCTION**

Edelson PC seeks to depose Defendant Keith Griffin in connection with the pending motion to dismiss based on personal jurisdiction. While plaintiff claims that the discovery is necessary to oppose the motion, this request is simply a smoke screen to conduct merits discovery before jurisdiction has been determined. Edelson claims that it

needs to inquire into the following three areas: (1) Griffin's role and decision-making at Girardi Keese; (2) Griffin's involvement in the decision to hire Illinois-based Edelson attorneys as local counsel; and (3) Griffin's knowledge of and involvement with what happened to the settlement money. All three of these proposed topic areas are merits discovery in this action by Edelson to collect their attorneys' fees.

The genesis of Griffin's challenge to jurisdiction is that he is a California resident and that all of the alleged wrongful conduct set forth in the Complaint (which is denied by Griffin) were statements that took place by telephone between Griffin and Rafey Balabanian of the Edelson firm while both Griffin and Balabanian were in California. The jurisdictional issues only concern where Griffin and Balabanian were located when the conversations took place. Griffin already declared he was in California. Balabanian, who is a California lawyer with an office in San Francisco, was also in California when the conversations took place. Any information to the contrary would have to come from Balabanian, not from a deposition of Griffin.

Edelson's motion and extensive exhibits further establish that jurisdictional discovery is unnecessary. Edelson is intimately familiar with every aspect of this arms-length dispute, having been on the receiving end of every pleading, letter, text message and email. Edelson has attached the declarations, state court pro hac vice applications, and a wealth of other pleadings to this motion. The issue is not whether Edelson needs to be educated on Griffin's contacts with Illinois, but rather whether the alleged contacts amount to grounds for this Court to exercise personal jurisdiction over him. Unlike the plaintiffs in *Bristol-Myers-Squibb v. Superior Court*, 137 S.Ct. 1773 (2017) or *In re Testosterone Replacement Therapy*, 136 F.Supp.3d 968 (2015, N.D. Ill.), who had no reason or ability to ascertain a big pharma company's marketing and supply contacts with a forum state, Edelson PC has all the discovery it could ever need in its possession and the decision of minimum contacts should now rest before this Court.

The only potential area of proper inquiry, namely the location of the creation of the fee-sharing agreement with Edelson, is not in dispute. The letter agreement was created and signed in California and Edelson is in possession of this document. The only

relevant issues for the motion to dismiss based on personal jurisdiction are related to Mr. Griffin's residence and his purposeful availment, if any, of the forum state. Mr. Griffin does not dispute that he visited Illinois on two separate occasions relating to the underlying *Lion Air* settlement conferences or that he spoke with Ari Scharg on multiple occasions about the underlying case. However, these are red herrings. The only issue of relevance is the *alleged breach of the fee-sharing contract with Girardi Keese* and Mr. Griffin's involvement, if any, with said breach. The settlement conferences in Illinois and the discussions with Mr. Scharg were totally unrelated to the dispute at issue in Edelson's complaint, namely the alleged breach of a fee-sharing agreement. The only Edelson lawyer with whom Mr. Griffin spoke about fees was Edelson's California lawyer, Rafey Balabanian. Any contrary information would not be in the possession of Mr. Griffin and can come directly from Edelson; however, there is no contrary information.

There must be a colorable claim of personal jurisdiction to entitle a plaintiff to conduct jurisdictional discovery. Here, no such claim exists because Mr. Griffin did not engage in forum-related activities directed to the attorney fee dispute between Edelson and Girardi Keese.

## II.

## STATEMENT OF RELEVANT FACTS

Plaintiff, Edelson PC, brought a lawsuit for various contract-related claims relating to payments of its attorney fees in connection with the Lion Air Litigation (*See*, *In Re: Lion Air Flight JT 610 Crash*, Case No.: 18-cv-07686 (N.D. Ill., the Hon. Thomas M. Durkin presiding)) on December 2, 2020 (*See*, Doc. No. 1). Plaintiff has not alleged any facts in the operative complaint, other than boiler-plate language, that would confer personal jurisdiction over Defendant Griffin in the State of Illinois. Plaintiff contends that Girardi Keese failed to honor certain co-counsel agreements relating to the prosecution of various claims in the Lion Air litigation. Plaintiff contends that Defendant Griffin breached co-counsel agreements, although such agreements were indisputably

entered between Plaintiff and Girardi Keese, not personally with employee-attorney Griffin.

The only alleged facts relating to Mr. Griffin in the operative complaint concerning the legal fee dispute with Edelson start at paragraph 49 of the complaint (*See*, Doc. No. 1, ¶ 49), wherein Plaintiff contends that Defendant Griffin corresponded with Edelson managing partner Rafey Balabanian. (*See*, Doc. No. 1, ¶¶ 49, 53, 55-56). It is undisputed that Rafey Balabanian resides in California, practices at the San Francisco office of Edelson PC and that all communications with Balabanian took place within the State of California. (*See* Doc. No. 42, Attachment 1).

The crux of Plaintiff's complaint is that Thomas Girardi, the sole owner of Girardi Keese, "who exercises exclusive and total control of all bank accounts for GK", embezzled settlement funds meant for Lion Air clients and failed to pay Edelson its co-counsel fees. (*See*, Doc. No. 1, ¶ 63). All of the property at issue in the case, namely the settlement funds, was delivered to Girardi Keese in California. (*See*, Doc. No. 1, ¶ 115). All of the tortious activity complained of, namely Girardi Keese's failure to pay co-counsel fees, took place exclusively in California. (*See*, Doc. No. 1, ¶ 118). The operative complaint does not, and cannot, state any facts that confer personal jurisdiction over Defendant Griffin in the State of Illinois.

### III.

### ARGUMENT

Edelson PC does not need to take jurisdictional discovery on the issues raised in the personal jurisdiction motion. The issues are undisputed and Edelson PC is already in possession of all the facts and documents at issue. Mr. Griffin signed the engagement letter at the behest of Mr. Girardi in Los Angeles, California. The only discussions that Mr. Griffin had with any Edelson lawyer concerning the fees at issue were with California lawyer Rafey Balabanian. These facts are indisputable and discovery or depositions will not change them. If Edelson PC wants to dispute these facts, ie that Mr. Griffin had further discussions about fees with other Chicago-based Edelson lawyers,

such evidence can come from their own affidavits. Deposing Mr. Griffin will not change these basic factual assertions.

## A.  JURISDICTIONAL DISCOVERY IS NOT NECESSARY AND UNDULY BURDENSOME

The "primary concern" in assessing personal jurisdiction, however, is "the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 198 L.Ed.2d 395, 403 (2017). Subjecting a non-resident defendant to futile discovery in a case filed in the wrong forum simply prolongs the burden on the defendant in a case in which the forum state lacks authority to act. From the outset, then, a plaintiff who suggests the need to conduct "jurisdictional discovery" is generally admitting either that it failed to plead sufficient jurisdictional facts or that it lacked a basis for making such allegations in the complaint or petition.

In virtually every case, to establish personal jurisdiction a plaintiff must allege the occurrence of specific conduct by the defendant within the forum state that gives rise to the plaintiff's cause of action. It is difficult to conceive of a circumstance in which a plaintiff would legitimately need jurisdictional discovery to establish contact-based specific personal jurisdiction, because the cause of action arises out of the defendant's conduct within the forum state and should be known to plaintiff. Edelson's attempt to cloud these issues in an aura of mystery, when in fact there is nothing mysterious to the plaintiff who alleges that it was harmed by the conduct about where the conduct occurred.

Edelson's motion for jurisdictional discovery replete with exhibits forecloses the question of whether discovery is necessary. Edelson has a complete record of Defendant Griffin's contacts with the State of Illinois. In fact, Edelson saw fit to attach the evidence to its motion, including declarations, pro hac vice applications and other pleadings. Edelson PC is not an ignorant pharma plaintiff who knows not of what marketing has targeted the forum state or how much product was annually shipped to the forum state. The dispute at issue involves two sophisticated law firms with full knowledge of the

other's communications, filings and travel history. Jurisdictional discovery will not uncover secret trips to Illinois or hidden businesses in the forum state.

**B.    PLAINTIFFF CAN NOT SET FORTH A "COLORABLE" SHOWING OF PERSONAL JURISDICTION.**

Under Seventh Circuit law, "it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir.2000). In order to do so, however, "a plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir.2000) Put differently, a plaintiff seeking jurisdictional discovery must advance "proof to a reasonable probability" of the facts necessary to establish federal jurisdiction. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir.1996).

If the plaintiffs' allegations establish a "colorable" showing of personal jurisdiction, the Court has discretion to order limited discovery that would allow plaintiffs to uncover facts that might establish jurisdiction. *In re Testosterone Replacement Therapy*, 136 F.Supp. 968, 973 (ND Ill. 2015) (citing *Cent. States, Se & Sw. Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 946 (7th Cir. 2000). As this Court well knows, limited jurisdictional discovery was permitted in *Testosterone* as to issues of (1) volume of sales in each state, (2) targeting of geographic areas, (3) knowledge of where product was sold, (4) why the product was sold where it was sold, and (5) details of the defendants' distribution agreement. *Id.* at 976. The plaintiffs in *Testosterone* were thousands of consumers who alleged injuries caused by testosterone replacement therapy. The plaintiffs had no access to the manufacturer's corporate books, sales documents, corporate minutes or any other information that would have allowed them to analyze a minimum contacts evaluation of the manufacturer with respect to the forum state. Here, Edelson already has access to every document, declaration, communication and pleading concerning the legal fee dispute with Girardi Keese. Edelson is not an innocent consumer shielded from corporate documents.

The Seventh Circuit's decision in *Central States, SE & SW Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d 934 (7th Cir. 2000), is more instructive to the present matter. The Court held *inter alia* that (1) a third party's affiliation with an employer does not provide a basis for courts in Illinois to exercise personal jurisdiction, (2) a third party's provision of standard administrative services to an employer did not provide a basis for asserting jurisdiction, and (3) the district court did not abuse its discretion in denying a request of jurisdictional discovery. In other words, Edelson cannot bootstrap its personal jurisdiction claims relating to Girardi Keese to an individual employee. Each defendant must be analyzed on its own merits. *Id.* at 944. Corporate affiliation, similar to employer-employee relationship, cannot serve as a basis for personal jurisdiction. Similarly, the Court held that one party's provision of administrative services to a related party (parent company/subsidiary) was insufficient to impart personal jurisdiction to the administrator. Again, Mr. Griffin's provision of employee administrative services to his employer Girardi Keese cannot confer personal jurisdiction nor present a colorable basis for personal jurisdiction. Finally, imposing the heavy burden of jurisdictional discovery, which Edelson concedes is in fact merit discovery, would be highly prejudicial.

Edelson's reliance on *Schindler v. Lyon*, 2013 WL 4544263 (SDNY 2013), is totally misplaced. *Schindler* does not involve a request or motion for leave to conduct jurisdictional discovery. The Court simply analyzed the out-of-state lawyers contacts with the forum state and issued a ruling on a motion to dismiss. If anything, Edelson's reliance on *Schindler* suggests that no jurisdictional discovery is necessary and the parties should move to complete the briefing on the subject motion and secure a ruling from this Court. More applicable might be *Ordower v. Smith*, 2019 WL 918478 (ND Ill. 2019), where this Court found personal jurisdiction did not exist over an out-of-state law firm. Citing to *Brook v. McCormley*, 873 F.3d 549, 552, this Court found that "[t]he mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction.

C.     **MR. GRIFFIN'S DECLARATION SETS FORTH THE INCONTROVERTIBLE JURISDICTIONAL FACTS THAT HE WAS NOT A RESIDENT OF ILLINOIS AND DID NOT HAVE ANY CONTACT WITH ILLINOIS LAWYERS ABOUT THE FEE DISPUTE.**

Mr. Griffin's declaration, while lengthy, focuses on two primary issues: 1) Mr. Griffin was not and never has been a resident of Illinois and has never had or conducted business in Illinois and 2) All of Mr. Griffin's fee-related communications with Edelson took place with Edelson's California lawyer Rafey Balabanian in California. The rest of the declaration simply provides background on Mr. Griffin and identifies the specific communications with Mr. Balabanian. For purposes of clarity, Mr. Griffin identifies the following paragraphs from his declaration as relevant for the personal jurisdiction motion:

- Paragraphs 1-2 set forth Mr. Griffin's residency and confirm that he does not own or operate any business in Illinois.
- Paragraphs 3-6 were provided as background and are not relevant for purposes of determining personal jurisdiction.[1]
- Paragraphs 7-18 detail the specific communications that Mr. Griffin had with Rafey Balabanian, Edelson's California attorney, which took place in California.

The aforementioned issues presented in Mr. Griffin's declaration conclusively demonstrate that Mr. Griffin has never been a resident of Illinois and had no contacts with Illinois relating to the specific subject matter of this dispute, namely the fee dispute with Girardi Keese.

D.     **EDELSON PC CONCEDES THAT IT IS SEEKING MERITS DISCOVERY**

Edelson PC concedes that it is attempting to secure merits discovery by offering three areas of potential inquiry in jurisdictional discovery:

1) Griffin's role and decision-making at Girardi Keese….

---

[1]/ Mr. Griffin withdraws these paragraphs from consideration of the merits of this motion because they have no relevance to the central issue of jurisdictional issues.

2) Griffin's involvement in the decision to hire Illinois-based Edelson attorneys as local counsel . . .

3) Griffin's knowledge of and involvement with what happened to the settlement money . . . .

Edelson's Moving Papers, pg. 9.

Clearly, Mr. Griffin's role and decision-making at Girardi Keese bares no relevance to whether Mr. Griffin exercised purposeful availment of the forum state as such would be applied to the specific dispute at issue concerning legal fees. Similarly, Mr. Griffin's "knowledge and involvement" with what happened to the settlement money (for which Mr. Griffin was completely uninvolved) again is irrelevant for purposes of a personal jurisdiction analysis. Edelson continues to blur and ignore the key tenet of a specific personal jurisdiction analysis, which is whether the alleged injury, here the alleged loss of co-counsel fees, arises out of the defendant's forum-related activities. *See Tamburo v.* Dworkin, 901 F.3d 693, 702 (7th Cir. 2010). Only Edelson's second area of inquiry potentially relates to a jurisdictional analysis; however, it is undisputed that the fee-sharing agreement was drafted in California, signed by Mr. Griffin and sent to Edelson. No further discovery is necessary to clarify that factual sequence.

## E. IF THE COURT IS INCLINED TO GRANT JURISDICTIONAL DISCOVERY, LIMITED WRITTEN DISCOVERY WOULD SUFFICE.

Courts do not permit wide-ranging jurisdictional discovery against Defendants. *See Indag GmbH & Co v. IMA S.P.A,* 150 F.Supp.3d 946, 972 (ND Ill. 2015) (citing *Reimer*, 230 F.3d at 947). In *Indag*, the Court permitted Plaintiffs to explore areas of limited jurisdictional discovery through the less burdensome and more targeted nature of written discovery and limited Plaintiffs to service of five interrogatories upon Defendant IMA S.p.A. inquiring about its United States contacts and upon Defendants IMA North America,

Edelson has requested a three-hour deposition on three areas of inquiry all of which go to the merits of the dispute and/or do not need further inquiry. The proposed deposition will focus all but entirely on merits-based issues, which would naturally draw

9

objections and instructions not to answer, leading to future motion practice. Mr. Griffin believes that if the Court is inclined to grant limited jurisdictional discovery, that such be limited to a select number of written interrogatories narrowly tailored to some issue of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant Griffin respectfully requests that the Court deny Plaintiff's Motion for Jurisdictional Discovery.

Respectfully submitted,

*/s/ Ryan Saba*
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
9350 Wilshire Boulevard, Suite 250
Beverly Hills, CA 90212
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**One of the Attorneys for Defendant,**
**Keith Griffin, an individual**

John. A. O'Donnell, Sr.
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
jodonnellsr@cassiday.com
*Attorney for Defendant, Keith Griffin*