IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No.: 1:20-cv-07115 |
| THOMAS GIRARDI, an individual, GIRARDI KEESE, a California general partnership, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL LLC, a California limited liability company, GIRARDI FINANCIAL, INC., a Nevada corporation, DAVID LIRA, an individual, KEITH GRIFFIN, an individual, JOHNSTON HUTCHINSON & LIRA LLP, a California limited liability partnership, ROBERT FINNERTY, an individual, ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation, STILLWELL MADISON, LLC, a Delaware limited liability company, and JOHN DOE 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Matthew F. Kennelly |
| *Defendants.* | ) | |

## DEFENDANT KEITH GRIFFIN'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO TAKE DEPOSITIONS OF KEITH GRIFFIN AND DAVID LIRA

Defendant Griffin seeks leave from the Court to consider the following brief addressing Edelson PC's citation and reliance on *Ford Motor Co. v. Montana Eighth Judicial District Court*, No. 19-368.

1

1. Edelson PC now moves to augment the record with a citation to *Ford Motor Co. v. Montana Eighth Judicial District Court*, No. 19-368. This new Supreme Court case adds nothing to the pending motion concerning whether or not jurisdictional discovery is appropriate. The *Ford Motor* decision simply restates the law of personal jurisdiction as developed through *International Shoe Co. v. Washington* 326 U.S. 310 (1945), *Bristol-Myers Squibb Co. v. Superior Court of Cal.,* 137 S.Ct 1773 (2017), *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980) and *Walden v. Fiore,* 571 U.S. 277 (2014). Although unrelated to the pending motion for jurisdictional discovery, Plaintiff Edelson still misunderstands the nature of the specific jurisdiction analysis as it relates to the breach of contract claims it seeks to prosecute. Edelson believes that it is representing airline plaintiffs in a conversion case. It is not. The areas that Edelson seeks to inquire relate to the merits of the airline families claims (although no such claims exist) not Edelson's claim for breach of contract related to collection of co-counsel legal fees. The *Ford Motor* decision does not expand the scope of jurisdictional discovery to wholly unrelated claims.

2. The *Ford Motor* decision adds nothing to the scope of permissible jurisdictional discovery. In line with years of precedent, the Supreme Court found that "when a company cultivates a market for a product in the forum state and the product malfunctions there", specific jurisdiction attaches. *Ford Motor* at 2-3. In fact, Ford conceded that it had "purposefully availed itself of conducting activities in both States". *See id.* at 2. Ford was attempting to expand the long-stated precedent of specific jurisdiction by advocating that personal jurisdiction could only attach to the company if it had designed, manufactured, or sold the subject vehicle in the State where the accident occurred. *See id.* at 1. The Court rejected the argument as an improper limitation on specific jurisdiction.

3. Essentially, Ford was attempting to twist the *Bristol-Myers* decision, to suggest that personal jurisdiction does not exist if the offending product is sold outside

the forum state, even though the company may regularly sell similar products in the forum state. *See id* at 16. Justice Kagan wrote that "such a suggestion misses the point of our decision [in *BMS*]. We found jurisdiction improper in *Bristol-Myers* because the forum State, and the defendant's activities there, lacked any connection to the plaintiffs' claims. See 582 U.S., at ___(slip op., at 8) ("What is needed-and what is missing here-is a connection between the forum and the specific claims at issue")." *Id.* The Court again reinforced the clear requirement of a connection between the specific claims at issue, namely the breach of attorney fee split agreements, and the forum.

4. The facts of *Ford Motor* are totally unrelated to the present action. Defendant(s) have not conceded any aspect of purposeful availment, nor is there any evidence whatsoever that the lawyer defendants cultivated any type of market for services in the forum state. In *Ford Motor*, the company "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States…" *Id. at 3*. The same cannot be said of Defendant Griffin's contacts with Edelson and the forum State of Illinois.

5. The *Ford Motor* decision does not open up jurisdictional discovery to merit discovery, let alone merit discovery on claims held by third parties. Edelson does not represent the *Lion Air* wrongful death claimants, yet it consistently suggests that its jurisdictional inquiry should expand into such claims. The fact remains that Edelson maintains only breach of attorney fee sharing agreements in this action and must demonstrate specific jurisdiction as to those claims. Edelson cannot do so and the *Ford Motor* decision does not provide them with any additional basis to do so.

For the foregoing reasons, Defendant Griffin respectfully requests that the Court grant leave to accept this response for consideration on the issue of the pending Motion for Jurisdictional Discovery.

                Respectfully submitted,

                */s/ Ryan Saba*
                Ryan Saba – Pro Hac Vice
                Rosen Saba LLP
                9350 Wilshire Boulevard, Suite 250
                Beverly Hills, CA 90212
                Telephone: (310) 285-1727
                Fax: (310) 285-1728
                rsaba@rosensaba.com
                **One of the Attorneys for Defendant,**
                **Keith Griffin, an individual**

John. A. O'Donnell, Sr.
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
jodonnellsr@cassiday.com
*Attorney for Defendant, Keith Griffin*

4