IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | Case No.: 20-cv-07115 |
| *Plaintiff,* | |
| | Hon. Matthew F. Kennelly |
| *v.* | |
| THOMAS GIRARDI, et al. | |
| *Defendants.* | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE ERIKA GIRARDI**

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff Edelson PC respectfully requests leave to serve Erika Girardi. In support of its motion, it states as follows:

1. Federal Rule of Civil Procedure 4(m) provides that defendants must be served within 90 days after the complaint is filed. However, "[i]f the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district court must grant an extension." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). That's true regardless of whether the extension is requested during the 90-day period or after its expiration. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (referring to a prior version of the rule that permitted 120 days).

2. Here, there is good cause for Edelson's decision not to serve Ms. Girardi within 90 days after the complaint was filed. Ms. Girardi is married to Defendant Thomas Girardi, who is currently the subject of an involuntary bankruptcy proceeding. Mr. Girardi's former law firm, Defendant Girardi Keese, is also the subject of a parallel bankruptcy proceeding. Because California is a community property state, Edelson was concerned that it risked violating the automatic bankruptcy stay in Mr. Girardi's bankruptcy by proceeding against Ms. Girardi in this

1

action. Edelson sought clarification from the Thomas Girardi Chapter 7 Trustee during the 90-day period provided by Rule 4(m), but due to the early stage of the bankruptcy, he was unable to opine on whether the automatic stay applied to the case. (Declaration of Alexander G. Tievsky, ¶¶ 2-3.)

3. The consequences for violating the bankruptcy stay are severe and can be imposed regardless of "specific intent to violate the stay." *See In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009). Accordingly, there was good cause for Plaintiff to delay serving Ms. Girardi until it obtained sufficient information to justify a request to clarify the stay.

4. In the time since the Rule 4(m) deadline expired, Edelson has obtained substantial new information, both from documents filed by the trustees in the bankruptcy proceedings and in the course of discovery as to the other defendants in this action. After lengthy discussions, Edelson was able to demonstrate to the satisfaction of the Thomas Girardi Chapter 7 Trustee, the Girardi Keese Chapter 7 Trustee, and the bankruptcy court that it is possible to proceed against Ms. Girardi in a manner that does not interfere with either bankruptcy. On December 2, 2021, the bankruptcy court entered a formal order allowing Edelson to proceed against Ms. Girardi in this action. (Exhibit 1.) It is reasonable for that order to trigger a new opportunity for Edelson to serve Ms. Girardi.[1]

5. Finally, Edelson notes that "[i]f a suit can start over in the same court immediately after being tossed out, there is no point to a dismissal." *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) (discussing a court's ability to proceed in a case after

---

[1] The circumstances surrounding the bankruptcy court's order demonstrate that waiting was the prudent course of action. The Girardi Keese Trustee initially opposed Edelson's request to clarify the stay, and the dispute ended only after the Trustee fired her attorney. Had Edelson not had sufficient information to justify its request—or worse proceeded against Ms. Girardi without leave of the bankruptcy court—the situation could have turned out much differently.

2

dismissing a non-diverse party). If this motion were denied, the Court could only dismiss the claims against Ms. Girardi without prejudice. *See* Fed. R. Civ. P. 4(m). Edelson would then file a new lawsuit against Ms. Girardi, which would almost certainly be related to and consolidated with this one, putting everyone in the same position that they would have been had the motion been granted, but with more paperwork.

**WHEREFORE,** Plaintiff Edelson PC respectfully requests that the Court enter an order permitting it to serve Defendant Erika Girardi within 60 days, or such time as the Court deems reasonable.

Respectfully submitted,

**EDELSON PC**

Dated: January 18, 2022

By: */s/ Alexander G. Tievsky*
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Angela Reilly
areilly@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378