IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | Case No.: 20-cv-07115 |
| *Plaintiff,* | |
| *v.* | Hon. Matthew F. Kennelly |
| THOMAS GIRARDI, et al. | |
| *Defendants.* | |

## PLAINTIFF'S MOTION TO EXTEND AMENDMENT DEADLINE

Plaintiff Edelson PC hereby moves to extend the deadline to amend its pleadings or add parties, which is presently set for February 25, 2022. (*See* dkt. 97.) Edelson may seek to add causes of action that arise from the same course of conduct underlying this case, but that amendment will be affected by the pending mediation with the former *Lion Air* clients whose money was stolen, as well as outstanding discovery. Edelson is also preparing a complaint against other culpable parties involved in the Girardi Keese fraud, including Erika Girardi, in California, and is working to determine the appropriate forum for each cause of action and each defendant involved. Accordingly, Plaintiff requests that the deadline to amend pleadings be extended consistent with the discovery schedule. In support thereof, Plaintiff states as follows:

1.      Edelson PC filed this action the same day that it moved for a rule to show cause why Girardi Keese, Thomas Girardi, David Lira, and Keith Griffin should not be held in contempt in the *In re Lion Air* proceedings before Judge Durkin. *See In re Lion Air*, 2018-cv-07686 (N.D. Ill.). The two actions have since proceeded in parallel.

2.      Defendants David Lira and Keith Griffin each moved to dismiss this case, and Defendant Griffin moved for judgment on the pleadings, which the Court denied. (*See* dkts. 91,

97.) The Court set a discovery schedule and deadline to amend the pleadings. (*See* dkt. 97.) The

deadline to amend is presently set for February 25, 2022. (*See id.*)

3. In the meantime, the *Lion Air* contempt proceedings have continued. Griffin, Lira,

and Edelson witnesses each testified at a three-day evidentiary hearing before Judge Durkin in

December 2021. At the hearing, Judge Durkin asked whether Edelson had considered taking an

assignment of claims from the clients. Edelson and the clients have since engaged in mediation

to that end, which we hope will be successful. To the extent the mediation succeeds, it would

result in the amendment of the complaint in this action to do what Edelson always intended to do

in this case: recover the clients' funds from the culpable parties.

4. At the same time, Edelson has been aggressively pursuing discovery in this

action. Plaintiff has issued numerous subpoenas and recently received discovery responses

including, among other things, internal Girardi Keese e-mails. Edelson is also in the process of

resolving discovery disputes with Lira and Griffin or putting those disputes before the Court as

necessary. (*See* Status Report, dkt. 110.) The discovery so far indicates that additional causes of

action against Plaintiff Lira and/or Plaintiff Griffin may be appropriate. Plaintiff is aware,

however, of the heightened pleading standard for fraud-based causes of action, and requests

additional time to ensure that necessary discovery is complete to plead those causes of action.

5. Last, Edelson is preparing a complaint that will call numerous other actors

involved in the Girardi Keese fraud to account, including Erika Girardi. Because of the

complexity of the case, Edelson is still determining where each cause of action against each

defendant should properly be filed. This, too, may affect amendment of this action.

6. Accordingly, Edelson requests additional time to amend its pleadings. Any

amendment that Edelson would seek to make to its pleadings, however, would only add causes

of action arising from the same nexus of facts that are the present subject of discovery. Because

the path of discovery will not be affected by a future amendment, the amendment deadline can

be moved independently of the discovery deadline.[1]

7.      As set forth above, good cause exists to extend the amendment deadline. Plaintiff

respectfully requests that the Court extend set the amendment deadline to March 21, 2022.

WHEREFORE, Plaintiff Edelson PC respectfully requests that the Court extend the

present deadline to amend the pleadings or add parties to March 21, 2022, and grant any further

or alternative relief as may be appropriate and just.

Respectfully submitted,

**EDELSON PC**

Dated: February 24, 2022                    By: /s/ J. Eli Wade-Scott
                                            One of Plaintiff's Attorneys

                                            Jay Edelson
                                            jedelson@edelson.com
                                            Alexander G. Tievsky
                                            atievsky@edelson.com
                                            J. Eli Wade-Scott
                                            ewadescott@edelson.com
                                            Angela Reilly
                                            areilly@edelson.com
                                            EDELSON PC
                                            350 North LaSalle Street, 14th Floor
                                            Chicago, Illinois 60654
                                            Tel: 312.589.6370
                                            Fax: 312.589.6378

---

[1]      As the Parties indicated in their joint status report, the Parties may need to request an extension to the current discovery deadline to allow sufficient time to resolve disputes between the Parties on written discovery, as well as the numerous third-party subpoena recipients involved in the case. (*See* Status Report, dkt. 110.)