# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois Professional corporation,<br><br>    Plaintiff,<br><br>THOMAS GIRARDI, an individual, et al.,<br><br>    Defendants. | Case No.:<br><br>20-cv-07115<br><br><br>Honorable Matthew F. Kennelly |

**DEFENDANT DAVID LIRA'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF EDELSON PC; MEMORANDUM OF LAW IN SUPPORT THEREOF**

1

## I. INTRODUCTION

In this matter, Edelson seeks referral fees it alleges it is owed by Girardi Keese for certain Lion Air plaintiffs. Yet, Edelson refuses to respond to Lira's Requests for Admission seeking information about whether referral fee agreements existed between Edelson and the Lion Air plaintiffs prior to November 2021. These requests are highly relevant because under both California and Illinois law, agreements for referral fees must be entered into at the beginning of the representation or as soon as reasonably practicable.

Edelson has also asserted the attorney-client privilege as an objection in its responses to Lira's Request for Production of Documents, but Edelson continues to demand that Lira produce documents with those same clients by asserting the privilege has been "waived". Either the privilege has been waived or it has not. Edelson should not be allowed to assert and deny the privilege to its tactical advantage in this matter; particularly since Edelson has never provided Lira with a privilege log.

Finally, Edelson has refused to confirm that it has looked for and produced all relevant documents requested by Lira. Edelson has refused to confirm all relevant and responsive documents have been produced.

Lira asks the Court to order Edelson to supplement its responses to Lira's Requests for Production of Documents, produce a privilege log if required, and supplemental its responses to the Requests for Admissions with either an admission or denial within 15 days.

## II. STATEMENT OF FACTS

Girardi Keese represented certain plaintiffs in the matter of *In Re: Lion Air Flight JT610 Crash*, United States District Court for the Northern District of Illinois, Eastern District Case No. 18-cv-07686 ("Lion Air Action"). Defendant David Lira ("Mr. Lira") was an employee of Girardi Keese at the time of the Lion Air Action. Plaintiff Edelson was engaged as local counsel to assist Girardi Keese in the litigation and settlement process for certain plaintiffs in the Lion Air Action, among them: Anice Kasim, Septiana Damayanti, Dian Daniaty Binti Udin Zaenudin, Bias Ramadhan A.S. Bin Misyadi and Elzawarti (referred to collectively as the "Lion Air

Clients"). (*See*, Doc. No. 1, ¶¶8, 38, 17). Edelson entered into two contracts with Girardi Keese. (*See*, Doc. No. 1, ¶102). By the terms of both contracts with Girardi Keese, Edelson was expected to act as local counsel. (*See*, Doc. No. 1, ¶¶102-103). In mid-2020, the parties at issue in the underlying Boeing Action reached a settlement and money was transferred from Boeing to Girardi Keese. This money was for the benefit of the Lion Air clients, minus the agreed upon attorneys' fees and costs. [Compl. ¶ 86.] Edelson alleges that Girardi Keese did not pay Edelson it's appropriate share of the attorneys' fees. [Compl. ¶108.]

Edelson filed the instant complaint on December 2, 2020. **One year after** the instant lawsuit was filed, on or around December 2, 2021, Edelson obtained purportedly retroactive authorization regarding the contracts Edelson had with Girardi Keese regarding the attorneys' fee split Edelson alleges existed between it ,Girardi Keese, and the clients in the Lion Air matter. [Robie Affidavit, ¶ 2.]

On December 21, 2021, Defendant David Lira served his First Set of Requests for Admissions to Plaintiff Edelson PC ("RFAs") and his First Set of Requests for Production of Documents to Plaintiff Edelson PC ("RFPs") [Robie Affidavit, ¶¶ 3-4, Exhibits 1-2.] . Edelson served its responses to both the RFAs and the RFPs on January 31, 2022. [Robie Affidavit, ¶¶ 5-6, Exhibits 3-4.]

The RFPs propounded on Edelson fall into the following categories:

1. "Communication Requests"—Communications between Edelson and the Lion Air Clients regarding: (1) attorneys' fees (RFPs Nos. 1-4, 9), (2) referral fees (RFPs Nos. 10-13, 18), (3) the division of attorneys' fees between Girardi Keese and Edelson in the Lion Air Matter RFPs Nos. 37-40, 45, (4) the division of any contingency fee that would become due as a result the Lion Air Clients' recovery in the Lion Air Case (RFPs Nos. 46-49, 54), and (5) the division of any contingency fee that would become due as a result of the Lion Air Clients' settlement in the Lion Air Matter. ("Communication Requests")

2. "Agreement Requests"—Agreements between Edelson and the Lion Air Clients regarding: (1) attorneys' fees (RFPs Nos. 19-22, 27), (2) referral fees (RFPs Nos. 28-31, 36), (3) regarding

3

      the payment of attorneys' fees related to the Lion Air Litigation to Edelson (RFPs Nos. 55-58, 64), (4) retainer agreements (RFPs Nos. 65-68, 73), (5) agreements for services (RFPs Nos. 74-77, 82), (6) the division of any contingency fee that would become due as a result of Lion Air Clients' recovery in the Lion Air Case (RFPs Nos. 83-86, 91), and (7) regarding the division of any contingency fee that would become due as a result of Lion Air Clients' settlement in the Lion Air Case (RFPs Nos. 101-104, 109).

3. "Girardi Keese Agreement Requests"—All agreements regarding: (1) attorneys fees between Girardi Keese and Edelson related to the Lion Air Litigation (RFPs No. 147), (2) referral fees between Girardi Keese and Edelson related to the Lion Air Litigation (RFPs. No 148), (3) all agreements regarding attorneys' fees between Thomas Girardi and Edelson related to the Lion Air Litigation (RFP No. 149), and (4) referral fees between Thomas Girardi and Edelson related to the Lion Air Litigation (RFPs. No. 150).

### III.    STATEMENT OF COMPLIANCE WITH LOCAL RULE 37. 2

Pursuant to Local Rule 37.2, counsel for Mr. Lira attempted to resolve these issues via communication with Edelson's counsel prior to filing the instant motion. On March 1, 2022, counsel for Mr. Lira sent a letter to counsel for Edelson. [Robie Affidavit, ¶ 7, Exhibit 5.] Counsel for Edelson responded on March 10, 2022. [Robie Affidavit, ¶ 8, Exhibit 6.] On March 11, 2022, at three o'clock in the afternoon, Edith Matthai and Leigh Robie—counsel for Mr. Lira—engaged in a meet and confer via telephone with Amy Hausman and J. Eli Wade Scott—counsel for Edelson—in the spirit of cooperation and with the hope that speaking would provide more progress and understanding between the parties than the prior attempts via letter had achieved. Unfortunately, even after the discussion, Edelson did not agree to produce the requested materials or respond to the requests for admissions in question. [Robie Affidavit, ¶ 11.]

Mr. Lira's counsel remain open to discussions, but at some point, the time for meeting and conferring must come to an end. With regard to the items requested in this Motion, that time has come. Despite counsel for Mr. Lira's good faith efforts to resolve the discovery issues in this motion, no progress has been made which makes it clear that the Court's involvement may be useful.

The discovery requested is indisputably relevant. Mr. Lira respectfully requests that the Court enter an Order requiring Edelson to produce the requested information with 15 days of the Court's Order, produce a privilege log if required, supplemental its responses to the Requests for Production of Documents, and supplement its responses to the Requests for Admissions with either an admission or denial.

## IV. LEGAL STANDARD

### 1. The Court May Compel A Party to Provide Further Responses to Demand for Production

Rule 36(a) of the Federal Rules of Civil Procedure provides that a party requesting an admission may move to determine the sufficiency of an answer or an objection, and if the court finds the objection was not justified, the court "must order that an answer be served." Fed. R. Civ. P. 36(a)(6). Rule 37(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> ... A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> …
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.
> … [A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.
> Fed. R. Civ. P. 37(a).

The Federal Rules grant the district court significant discretion in ruling on a motion to compel. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-6 (7th Cir. 1996) (*citing* Fed. R. Civ. P. 34(b), 26(a)).

The scope of discovery under the Federal Rules is broad. Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The federal

5

discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes." *1221122 Ont. Ltd. v. TCP Water Solutions, Inc.*, No. 10 C 4942, 2011 WL 2516531, at *5 (N.D. Ill. June 23, 2011). The Federal Rules provide that a party may request production of "any designated documents or electronically stored information" from another party, so long as those documents are "reasonably calculated to lead to the discovery of admissible evidence."*Gile*, 95 F.3d at 495 (*citing* Fed. R. Civ. P. 26 (a), 34(b)).

V.     ARGUMENT

        **1. Whether Edelson entered into a written contingency agreement or attorneys' fees agreement with Lion Air Clients prior to November 2021 is highly relevant to the case at hand.**

Lira's Request for Admission Nos. 1, 2, 3, 4 and 9 ("Contingency Fee RFAs") ask Edelson to admit that prior to November 2021, Edelson had no written agreement providing for the payment of a share of the contingency fee arising out of the Lion Air Litigation to the Edelson Firm with Anice Kasim, Septiana Damayanti, Dian Daniaty Binti Udin Zaenudin, Bias Ramadhan A.S. Bin Misyadi and Elzawarti ("Lion Air Clients"), respectively. Edelson refused to answer the Contingency Fee RFAs, and instead objected to with the same assertion that the request was "irrelevant in that it deliberately limits the time period to 'prior to November 2021' in order to require only a response that is certain not to make any element of any party's claims or defense more or less likely." Lira's Request for Admission Nos. 10, 11, 12, 13, and 18 ("Attorneys' Fees RFAs") ask Edelson to admit that prior to November 2021, Edelson had no written agreement providing for the payment of a share of the attorneys' fees arising out of the Lion Air Litigation to the Edelson Firm with the Lion Air Clients. Edelson refused to answer these RFA's, objecting that they were duplicative and irrelevant as they limited the period of time prior to November 2021.

In fact, this information is highly relevant. California, Illinois, and American Bar Association Rules **all** require that in order to enter into a fee division agreement between lawyers who are not at the same firm, the terms must be consented to in writing by the client either [at the

6

time the lawyers enter into the agreement or as soon thereafter as *reasonably practicable*]. (*See* California Rules of Professional Conduct, rule 1.5.1(a) "Lawyers who are not in the same law firm shall not divide a fee for legal services unless: . . . (2) the client has consented in writing, either at the time the lawyers enter into the agreement to divide the dee or as soon thereafter as reasonably practicable..."; Illinois Rule of Professional Conduct, 1.5(b) & (e); ABA Formal Op. 16-474 at 1-6.) (emphasis added.) Accordingly, both the Contingency Fee RFAs and the Attorneys' Fees RFA are directly relevant to whether there was a fee agreement made between Edelson and the Lion Air Clients at the time Edelson and Girardi Keese entered into a fee splitting agreement. Whether or not Edelson complied with the rules regarding fee splitting agreements materially effect Mr. Lira's defense—namely, if Edelson failed to effect an enforceable fee agreement regarding the representation of the Lion Air Clients—Mr. Lira would be entitled to the defense that the contract is unenforceable and that Edelson has no right to the fees it claims Mr. Lira is responsible for.

### 2. Failing to maintain physical files and providing a "fulsome and relevant response to existing discovery requests" are not valid objections that justify not responding to the Contingency Fee RFAs and the Attorneys' Fees RFAs.

Edelson also objected to responding to the Contingency Fee RFAs and the Attorneys' Fees RFAs by stating that it has provided a "fulsome and relevant response to existing discovery requests" and that it did not maintain files for the Lion Air Clients. Neither of these objections justify not responding to the requests for admission at issue. Edelson's failure to keep a client file does not preclude it from answering whether it had a contingency fee agreement or an attorneys' fees agreement with the Lion Air Clients, which is made clear by the fact that Edelson will not state that it is unaware of whether a fee agreement between Edelson and the Lion Air Clients existed prior to November 2021. Edelson's claim against Mr. Lira hinges on the existence of a valid and enforceable fee agreement between Edelson and Girardi Keese regarding the representation of the Lion Air Clients. Edelson cannot be allowed to simultaneously assert that an enforceable agreement exists but refuse to answer whether it admits or denies that one existed

7

prior to November, 2021.

Edelson's objection that it has provided "fulsome and relevant responses to existing discovery requests" does not excuse Edelson from its obligations to respond to these requests specifically. Edelson is required to respond to each request or provide a proper meritorious objection to each request under Federal Rules of Civil Procedure 36(a)(3). Further, Edelson's contention that the Contingency Fee RFAs and the Attorneys' Fees RFAs are duplicative is without merit. While there may be some fee agreements that fall in both categories, there are certainly fee agreements that would fall under the definition of one but not the other. These requests seek answers as to whether either type of agreement exists.

### 3. The Communication Requests are not protected by attorney-client privilege or the work product doctrine and must be produced.

In its response to the Communication Requests, Edelson objects to producing the requested documents on the basis that they are protected by attorney-client privilege and the work product doctrine. Edelson's failure to produce a privilege log reflecting the documents it asserts are protected by either attorney-client privilege or the work product doctrine illustrates the extent to which Edelson believes this is a valid argument. This objection is further undermined by the fact that Edelson, in Plaintiff's First Set of Requests for Production of Documents to Defendant David Lira ("Plaintiff's RFPs"), asserts that the Lion Air Clients have waived attorney-client privilege. [Robie Affidavit, ¶ 9, Exhibit 7, Request Nos. 22-26.] Edelson makes this assertion again in its letter to counsel regarding Mr. Lira's responses to Plaintiff's RFPs. [Robie Affidavit, ¶ 10, Exhibit 8.]

Plaintiff is engaged in a classic version of double speak—on the one hand taking issue with Mr. Lira's refusal to produce communications between Mr. Lira and the Lion Air Clients because Edelson baldly asserts (without any written evidence) that Lion Air Clients have waived attorney-client privileges while simultaneously arguing that Edelson cannot respond to the Communication Requests because the communication between Edelson and Lion Air Clients is protected by attorney client privilege. Either the documents are privileged or they are not. To the

8

extent Edelson asserts the attorney-client privilege for some other representation, Edelson has provided no evidence that it represents these clients in any other matter or capacity.

### 4. Edelson's objections to the production of Agreement Requests and Girardi Keese Record Requests are meritless.

Parties are entitled to discover nonprivileged material that is relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26 (b)(1). These agreements are relevant to Mr. Lira's defense against Edelson's claim that there is an enforceable fee sharing agreement in relation to the representation of the Lion Air Clients between Edelson and Girardi Keese. The fact that Mr. Lira may possess a fraction of the category of documents requested is not a complete defense to producing any of the requested documents. Mr. Lira is entitled to conduct his own analysis of the agreements between Edelson and Girardi Keese as well as between Edelson and the Lion Air Clients, especially when these alleged agreements are the gravamen of Edelson's claims against Mr. Lira.

Further, these requests are not duplicative. Like the discussion of the distinction between a fee sharing agreement and a contingency fee agreement, the specific word choice of "settlement" in RFPs Nos. 101-104, 109 is distinguishable from the choice of the work "recovery" in RFPs Nos. 83-86, 91. Edelson is aware that each of these words encompass different litigation outcomes. Objecting to them as duplicative (while acknowledging the difference within the objection itself) is meritless and can only be viewed as an attempt to obfuscate from complying with the requests.

Edelson is asserting it is entitled to a portion of the attorney's fees in the Lion Air action. Edelson must produce all documents that support that assertion and confirm that they have done so.

### 5. In the alternative, Edelson must be compelled to confirm its production is complete.

In the Joint Status Report Regarding Discovery Matters Edelson filed on February 22, 2022, Edelson stated that "Edelson PC produced documents responsive to Mr. Lira's requests in

its productions to Mr. Griffin and anticipates a final production by the end of February." Despite its representations, documents continue to be produced and Edelson refuses to inform opposing counsel whether Edelson has conducted or plans to conduct any sort of search for the requested documents or whether Edelson has completed their search. Consequently, there is no transparency about the amount of discovery that is still outstanding, the documents that have been looked for but found to not exist, or the documents that were located but withheld based on an asserted privilege. Edelson has never provided Mr. Lira with a privilege log of withheld documents.  Such information is necessary for defendant to assess the case against him and strategize next steps in litigation.  If no such searches are outstanding, and no documents have been held back, Edelson must inform defendants so the parties can move to the next stage of litigation.

## VI.     CONCLUSION

For the foregoing reasons, Defendant requests that the Court order Plaintiff to provide responsive documents within 15 days of the hearing date on this motion, without objections. Plaintiff should also be put on notice that failure to comply with this Court's Order will result in sanctions, including, but not limited to monetary, evidentiary, or terminating sanctions.

DAVID LIRA

By:     /s/ Leigh P. Robie
_____
His Attorney

Edith R. Matthai, Esq.
Leigh P. Robie, Esq.
350 S. Grand Avenue, Suite 3950
Los Angeles, California  90071
(213) 706-8000
ematthai@romalaw.com
lrobie@romalaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2022, I electronically filed the foregoing document with the Clerk of Court, using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                        /s/ Leigh P. Robie