IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | Case No.: 20-cv-07115 |
| *Plaintiff,* | |
| | Hon. Matthew F. Kennelly |
| v. | |
| THOMAS GIRARDI, et al. | |
| *Defendants.* | |

**JOINT STATUS REPORT**

Pursuant to the Court's March 25, 2022 order, the parties submit the following joint status report:

**I.     Briefing schedule on summary judgment motions.**

The Parties jointly propose that Plaintiff Edelson PC's response to Defendant Griffin and Defendant Lira's summary judgment motions (dkts. 121, 130), be due April 22, 2022, and that replies by each Defendant be due May 6, 2022.

Edelson has advised Defendants of its intent to move to amend the complaint by April 4, 2022, and that Edelson would not oppose Defendants' re-filing their summary judgment motions after that date. Edelson will oppose efforts by Defendants to engage in serial summary judgment motion practice.

Defendant Griffin considers this improper argument in a status report and objected to the inclusion of this argument, however, since Edelson insisted it be part of this status report, Mr. Griffin includes the following: It is also improper to restrict Mr. Griffin or Mr. Lira from filing a future Rule 56 motion in advance of reviewing Plaintiff's proposed amended complaint. Plaintiff has not obtained leave to amend. Plaintiff has not identified any new claims that may be asserted

1

against Defendant Griffin. Those future, unknown claims are not at issue. The claims that are at issue should be dismissed as a matter of law. The pending Rule 56 motion concerns a discrete issue that, as a matter of law, Edelson is not entitled to collect attorneys' fees pursuant to the fee sharing agreement Edelson had with Girardi Keese, LLP. Defendants would like that issue resolved now and should not have wait any longer. Mr. Lira agrees with Mr. Griffin's position.

## II. Remaining discovery schedule.

Plaintiff is awaiting amended discovery responses from Defendant Lira per the Court's order of March 25, 2022. (Dkt. 129.) Defendant Griffin complied with the Court's order and served all documents today. Defendant Lira has told Edelson that Mr. Lira will provide an amended privilege log and documents by March 31, 2022. Plaintiff is also conferring with a number of subpoena respondents to finalize document production in light of the Court's order granting in part and denying in part Defendant Lira's motion for a protective order. (*Id.*) Once document production is complete, Edelson intends to conduct and complete depositions. Any party may start depositions before the production is complete.

**Plaintiff Edelson's Position:** Edelson accordingly requests a 60-day extension of the discovery schedule to complete discovery as set forth below:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-off | March 28, 2022 | May 27, 2022 |
| Rule 26(a)(2) disclosures | April 22, 2022 | June 21, 2022 |
| Rebuttal Disclosures | May 27, 2022 | July 26, 2022 |
| Expert Discovery Deadline | July 11, 2022 | September 9, 2022 |
| Dispositive Motion Deadline | July 25, 2022 | September 23, 2022 |

**Defendant Griffin's Position:** Considering Edelson has not advised the Defendants of the new claims that are being contemplated in the proposed First Amended Complaint, or whether new parties are going to be added to the pleading, it is unfair for Mr. Griffin to agree to a discovery cut-off schedule. If there are new parties, it may take time to serve the parties, and there may be Rule 12 or other challenges to the pleadings before discovery progresses. Nonetheless, in the abstract, Mr. Griffin requests an extension of the discovery schedule as set forth below:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-off | March 28, 2022 | August 25, 2022 |
| Expert Report Deadline | April 22, 2022 | September 9, 2022 |
| Expert discovery | July 11, 2022 | September 23, 2022 |
| Dispositive Motion Deadline | July 25, 2022 | October 10, 2022 |

**Defendant Lira's Position:** Mr. Lira does not believe the current discovery deadlines should be extended. However, if this court allows Edelson to amend its complaint, Mr. Lira would need to be able to conduct discovery related to any newly alleged facts and/or causes of action. Depending on any amendment this Court allows, Edelson's proposed discovery dates may or may not be realistic.

                                                        Respectfully submitted,

                                                        **EDELSON PC**

Dated: March 28, 2022                  By: /s/ J. Eli Wade-Scott
                                                        One of Plaintiff's Attorneys

                                                        Jay Edelson
                                                        jedelson@edelson.com
                                                         Alexander G. Tievsky
                                                         atievsky@edelson.com

|  |  |
|---|---|
|  | EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, Illinois 60654<br>Tel: 312.589.6370 / Fax: 312.589.6378 |
|  | **DAVID LIRA** |
| Dated: March 28, 2022 | By: /s/ Leigh P. Robie<br>One of His Attorneys<br><br>Edith R. Matthai, Esq.<br>Leigh P. Robie, Esq.<br>350 S. Grand Avenue, Suite 3950<br>Los Angeles, California 90071<br>(213) 706-8000<br>ematthai@romalaw.com |
|  | **KEITH GRIFFIN** |
| Dated: March 28, 2022 | By: /s/ Ryan Saba<br>One of His Attorneys<br><br>Ryan Saba<br>Rosen Saba LLP<br>2301 Rosecrans Ave., Suite 3180<br>El Segundo, CA 90245<br>Telephone: (310) 285-1727<br>Fax: (310) 285-1728<br>rsaba@rosensaba.com |