IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, *Plaintiff,* v. THOMAS GIRARDI, et al. *Defendants.* | Case No.: 20-cv-07115 Hon. Matthew F. Kennelly |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(b), Plaintiff Edelson PC respectfully requests leave to file the attached First Amended Complaint. In support of its motion, it states as follows:

1. "Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend 'with the opposing party's written consent or the court's leave.' The court 'should freely give leave when justice so requires.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "[A]s a matter of course, [plaintiffs] almost always get an opportunity to amend their complaints at least once." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013).

2. Here, under Rule 15's liberal standard, the Court should permit Edelson to file the attached proposed amended complaint.

3. The proposed amended complaint deletes the breach of contract claim as against Lira and the accounting claim. It also adds several new counts against both Griffin and Lira. Many of the new counts, such as tortious interference with contract, receipt of stolen property, and tortious interference with prospective economic advantage, could be litigated on the basis of

1

the current complaint, which already put Defendants on notice of the factual basis of those claims. *See R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). They now appear as separate counts only for the sake of convenience and clarity.

4. However, Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead fraud claims with particularity. Since Edelson filed this case, it has obtained a substantial amount of additional information from discovery in this case, including Girardi Keese's internal emails and bank records that were not available to it before filing. These records now permit Edelson to plead "the specific names, dates, times, or content of the misrepresentations or omissions that give rise to the alleged fraud" as well as "provide fair notice to each individual Defendant concerning the nature of his … participation in the fraud." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016). Accordingly, Edelson has added several fraud counts.

5. None of the circumstances that cause courts to deny motions for leave to amend are present here. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) ("Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment[.]") (emphasis and quotation marks omitted). Edelson has not previously amended, and this motion is brought in good faith within the time the Court set for amending pleadings. (*See* dkt. 129.) The new allegations should not come as a surprise to Defendants, since nearly all of them are about their own personal conduct and communications, which have been known to them (but not to Plaintiff) since the start of this case.

6. Finally, Edelson notes that despite being advised that Edelson would seek to amend its complaint, Lira and Griffin have each filed summary judgment motions, which will

not resolve the entire case (indeed, those motions likely could not have resolved the entire case on the existing complaint either). If this motion is granted, Edelson expects that Lira and Griffin will want the opportunity to move for summary judgment based on the claims in the amended complaint. Edelson has no objection to that, as long as it's all done at one time. *See Callahan v. City of Chicago*, No. 12 C 362, 2014 WL 2795143, at *1 (N.D. Ill. June 17, 2014) (Kennelly, J.) ("[T]he general rule is that a party gets to move for summary judgment once, and not on multiple occasions[.]"). Edelson does object to serial summary judgment practice.

**WHEREFORE,** Plaintiff Edelson PC respectfully requests that the Court enter an order 1) granting it leave to file the attached amended complaint; 2) advising Defendants that they will have only one opportunity to move for summary judgment in this action; and 3) granting any such further relief as it deems reasonable and just.

Respectfully submitted,

**EDELSON PC**

Dated: April 4, 2022

By: /s/ Alexander G. Tievsky
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378