**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) ) ) | Case No.: 1:20-cv-07115 |
| | ) | Hon. Matthew F. Kennelly |
| *Plaintiff*, | ) ) | |
| *v*. | ) ) | |
| THOMAS GIRARDI, an individual, GIRARDI KEESE, a California general partnership, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL LLC, a California limited liability company, GIRARDI FINANCIAL, INC., a Nevada corporation, DAVID LIRA, an individual, KEITH GRIFFIN, an individual, JOHNSTON HUTCHINSON & LIRA LLP, a California limited liability partnership, ROBERT FINNERTY, an individual, ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation, STILLWELL MADISON, LLC, a Delaware limited liability company, and JOHN DOE 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' REQUEST FOR THIS COURT TO AMEND ITS ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOCKET #171] TO INCLUDE A CERTIFICATION PURSUANT TO 28 USC §1292 AND REQUEST FOR STAY OF THIS ACTION** |
| *Defendants.* | ) | |

1

**TO THIS HONORABLE COURT:**

On August 9, 2022, this Court issued a Memorandum Opinion and Order ("Order") regarding Defendant Griffin and Lira's motions for summary judgment. [Docket #171.] One of the central legal issues in the Order, and these proceedings going forward, is whether the fee-sharing agreement, ultimately signed by the Lion Air clients in December 2021, is an enforceable contract. This crux of this dispute hinges on whether the contract complied with the Illinois Rules of Professional Conduct, Rule 1.5(e). This Court held that "Declining to enforce the fee-sharing agreement in this case would effectively nullify the will of the Lion Air clients and, therefore, Rule 1.5's reason for being. The Lion Air clients did ultimately agree to the fee split. The Court concludes that the timing of that consent does not render the agreement unenforceable." [See, page 10.]

This is a controlling question of law which materially affects the ultimate termination of this litigation. **Accordingly, Defendants Griffin and Lira request that this Court amend its Order to state: "This order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation pursuant to 28 USCA 1292(b)."**

> 28 USCA 1292(b) states in full:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Here, the answer to this legal inquiry will control the outcome of this litigation. Absent an immediate appeal of this issue, the parties will be required to conduct an entire trial before this issue is resolved by the Court of Appeals.

First, this issue is a "controlling question of law." For purposes of certifying interlocutory decision, a "controlling question of law" is one which is serious to the conduct of the litigation, either practically or legally. *Board of Ed. of Tp. High School Dist. No. 214, Cook County, Ill. v. Climatemp, Inc.*, N.D.Ill.1981, 91 F.R.D. 245. All that must be shown for question to be a "controlling question of law" as required for certification of interlocutory appeal is that resolution of issue on appeal could materially affect outcome of litigation in district court. *In re Cement Antitrust Litigation* (MDL No. 296), C.A.9 (Ariz.) 1981, 673 F.2d 1020, cause dismissed 103 S.Ct. 285, 459 U.S. 961, 74 L.Ed.2d 272, affirmed 103 S.Ct. 1173, 459 U.S. 1190, 75 L.Ed.2d 425. Here, the application of the undisputed facts to the interpretation of the Illinois Rules of Professional Conduct, Rule 1.5(e) will dispose of this entire action if the Court of Appeal reverse's this Court's Order.

Second, there is "substantial ground for difference of opinions." Where a district court's non-final ruling involves a controlling question of law as to which there is substantial ground for difference of opinion, an immediate appeal which may materially advance the ultimate termination of the litigation, and which involves a new legal question or is of special consequence, the district court should not hesitate to certify an interlocutory appeal. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-107; see also *Balintulo v. Daimler AG*, (N.Y.) 2013, 727 F.3d 174 ("the district court should not hesitate to certify an interlocutory appeal."). This Court acknowledges that the language of "will receive" in Rule 1.5(e) indicates that the client must agree to the arrangement before the attorneys actually divide any fees. This Court also acknowledges the ABA commentary of the model opines that client consent "must be completed before or within a reasonable time after the commencement of the representation." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 16-474 (2016). However, this Court found that such commentary is "merely advisory" and then

3

reaches a different conclusion than the advisory opinion. This conflict is a "substantial ground for difference of opinions."

Third, an interlocutory appeal will "advance the termination of litigation." Where immediate appeal from order might materially advance ultimate termination of litigation, such a case is a proper one for interlocutory appeal. *Bell v. Georgia Dental Ass'n,* (N.D.Ga.1964) 231 F.Supp. 299. Here, the entire case will be dismissed if the Court of Appeal disagrees with this Court's order and such a decision will save significant judicial and party resources from a protracted and expensive litigation.

Accordingly, for the foregoing reasons, Defendants Griffin and Lira request that this Court amend its order to include the following language: "This order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation pursuant to 28 USCA 1292(b)."

Further, Defendants request a stay of this action until the conclusion of any such appeal of this Order. Counsel for Edelson was asked to stipulate to this request, but Edelson declined to stipulate.

    Respectfully submitted,

*/s/ Ryan Saba*
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**Attorneys for Defendant Keith Griffin**