**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, | Case No.: 1:20-cv-07115 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | |
| THOMAS GIRARDI, an individual, GIRARDI KEESE, a California general partnership, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL LLC, a California limited liability company, GIRARDI FINANCIAL, INC., a Nevada corporation, DAVID LIRA, an individual, KEITH GRIFFIN, an individual, JOHNSTON HUTCHINSON & LIRA LLP, a California limited liability partnership, ROBERT FINNERTY, an individual, ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation, STILLWELL MADISON, LLC, a Delaware limited liability company, and JOHN DOE 1-10, | **JOINT REPORT IN ADVANCE OF AUGUST 17, 2022 STATUS CONFERENCE** |
| Defendants. | |

1

**TO THIS HONORABLE COURT:**

The parties submit this Joint Report in advance of the August 17, 2022 status conference.

I.  **DISCOVERY**

**Plaintiff's position:** Prior to summary judgment briefing, at a status conference, Plaintiff indicated that it intended to—and indeed did—file a motion to amend the complaint. (*See* Dkts. 134, 136.) The Court extended fact discovery at that conference and indicated that discovery might otherwise be extended depending on the Court's ruling on the amended complaint. (*See* dkt. 134.) Then the Defendants filed their summary judgment motions, and the Court held ruling on the motion to amend in abeyance pending ruling on the summary judgment motions (Dkt. 151.)

Plaintiff attempted to continue with discovery during this period, but Defendant Lira and Griffin refused to participate while their summary judgment motions were pending. Specifically, Plaintiffs noticed both Defendants' depositions and Defendants indicated the noticed dates would not work and refused to provide new dates. Defendants also refused to participate in depositions of third parties or to enter into stipulations of unavailability for witnesses who indicated they intended to invoke Fifth Amendment protections. When Plaintiff advised Defendants that it would move to compel, Defendant Lira moved to extend the discovery schedule and preclude deposition of Griffin or Lira until after the summary judgment motions were ruled upon. (Dkt. 154.)

The Court then stayed the discovery schedule pending resolution of the summary judgment motions and eventual resolution of the motion to amend. (Dkt. 159.) Accordingly, Defendants' position that fact discovery is complete per the Court's order at Docket 134 simply defies the existence of the subsequent orders of the Court—to the contrary, Defendants themselves secured a stay that now must lift. Accordingly, Plaintiff requests that the Court rule on Plaintiff's motion to amend—which will prevent discovery disputes in the immediate term—and provide the Parties with 90 days to complete fact discovery (primarily the depositions of Lira, Griffin, and third-party depositions).

2

**Defendants' position:** Fact discovery was supposed to be completed on May 27, 2022. [Docket #134.] This Court issued a stay of discovery on May 17, 2022, pending the outcome of the motion for summary judgment and the motion to amend. [Docket #159.] Considering that this Court has now denied Plaintiff's ability to amend the complaint for quantum meriut, Defendants contend that discovery is completed, and no further discovery be allowed.

Further, Defendants disagree with Edelson's above statement that Defendants "refused" to participate in discovery or provide dates for discovery. Instead, Defendant Lira brought this issue to the Court's attention which caused Order on May 17, 2022. [Docket #159.]

Regardless, Edelson has had the opportunity to conduct discovery since this matter was filed on December 2, 2020. No further discovery is warranted based on the allegations that currently exist.

If the Court allows Plaintiff to amend its claims, significant discovery will need to be conducted on the issues raised by the new claims.

II. **FUTURE AND PENDING MOTIONS**

A. Plaintiff has a pending motion to amend the complaint. (Dkt. 136.) That motion is fully briefed. (*See* Defendants' Resps., Dkt. 142, 143.) Defendants contend that this Court has already decided that Plaintiffs are not entitled to amend the Complaint for a claim quantum meruit.

B. Defendants have requested that this Court amend its order on the motion for summary judgment to include the following language: "This order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation pursuant to 28 USCA 1292(b)." [Docket #173.] Plaintiff opposes this motion, as no such question exists. Plaintiff is prepared to file a response brief if helpful to the Court.

C. Defendants Lira and Griffin believe the following legal issues should be briefed and decided before trial: (1) Whether Edelson can factually prove the proportionality of its fees; (2) Whether Lira and/or Griffin are parties to the fee

3

    sharing contracts; and (3) Whether the claim for conversion should be dismissed against Griffin similar to the dismissal of the claim of conversion against Lira. Plaintiff's position is that Lira and Griffin have already moved for summary judgment, and these are now questions for trial—though Plaintiff may file a motion *in limine* to avoid the jury from hearing distracting non-issues.

D. On July 6, 2022, Edelson PC filed a lawsuit against David Lira, Keith Griffin and others in the United States District Court, Northern District of California, case number 22-3977 (Ex. 1). Defendants contend that claims asserted in the Northern District case overlap with the claims asserted in this litigation. The overlap will be even greater if Plaintiff is allowed to amend their claims in this matter. Defendants contend the issue of whether claim splitting is permissible and/or whether the two separate lawsuits should be consolidated should be briefed before any trial commences. Plaintiff's position is again that Lira and Griffin have already moved for summary judgment and these are issues (if anything) for post-trial briefing. The claims in California are those of the former clients, which expressly—as made clear by prior order of the Court—are not at issue in this litigation.

## III. CLAIMS AT ISSUE

Plaintiff has a pending motion to amend which seeks to add factual allegations and specify additional counts alleged in the complaint. (Dkt. 136.) Defendants contend this Court has already denied Plaintiff leave to amend to add a quantum meruit claim.

After the Court's summary judgment ruling, the following counts remain against David Lira: (I) Unjust Enrichment (stayed) and (III) Breach of Contract. The following counts remain against Keith Griffin: (I) Unjust Enrichment (stayed); (III) Breach of Contract; and (V) Conversion. Plaintiff re-asserts (to avoid any waiver or forfeiture argument) that allegations supporting other legal theories—including under California Penal Section 408—already exist in the Complaint. (*See* dkt. 158, at 21.) Defendants disagree with Plaintiffs' statement.

## IV. TRIAL

The Parties will be ready to commence trial in 2023.

    Respectfully submitted,

*/s/ Ryan Saba*
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Tel: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
***Attorneys for Defendant Keith Griffin***

*/s/ Leigh Robie*
Leigh Robie – Pro Hac Vice
Robie & Matthai
350 South Grand Ave.
Los Angeles, CA 90071
Tel: (213) 706-8000
Fax: (310) 706-9913
lrobie@romalaw.com
***Attorneys for Defendant David Lira***

*/s/ Eli Wade-Scott*
Jay Edelson, Esq.
Alexander G. Tievsky, Esq.
Angela Reily, Esq.
Eli Wade-Scott, Esq.
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
atievsky@edelson.com
areily@edelson.com
ewadescott@edelson.com
jedelson@edelson.com
***Attorneys for: Plaintiff***