IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>THOMAS GIRARDI, an individual, GIRARDI KEESE, a California sole proprietorship, DAVID LIRA, an individual, and KEITH GRIFFIN, an individual,<br><br>*Defendants.* | Case No.: 20-cv-7115<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE REGARDING SEALING**

The Court ordered the Parties to show cause as to why the redacted material in Plaintiff's First Amended Complaint should remain sealed. (Dkt. 188.) Plaintiff previously filed a motion to seal that information as falling into one of four categories. (*See* Mot., Dkt. 137 at 1.) As set forth in the table below, each redaction falls into one of those categories: personally identifiable information of clients, attorney-client privileged information for a Girardi Keese client that has not waived privilege, "top-line" amounts that reveal the total amount of the Boeing settlements, and complete account numbers.[1]

To be clear, Plaintiff desires to litigate this case to the greatest extent possible in public view. At issue is not any confidential information of Plaintiff's and instead exclusively concerns

---

[1] Plaintiff here is addressing the Court's order to explain whether the information sealed in fact fell into those categories. The categories themselves were also proper. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (parties must demonstrate "good cause for sealing a part or the whole of the record in that case"); *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal.").

the confidentiality interests of others; as Plaintiff put it at the time of the motion, this information "relate[s] to persons whose confidential information was swept up into this lawsuit though no fault of their own." (*See* Mot., Dkt. 137 at 1.) Plaintiff, accordingly, continues to believe that the information should remain confidential.

| Location of Redacted Information | Category |
|---|---|
| ¶¶ 30–33 | Complete amounts of settlements. |
| ¶ 42 | Discusses settlement funds paid to former Girardi Keese client who has not waived privilege; redacted information identifies the client. |
| ¶¶ 47–50 | Discusses payment of fees and costs in case of former Girardi Keese client who has not waived privilege; redacted information would identify the client. |
| ¶ 58 | Discusses delay of payment to former Girardi Keese clients who have not waived privilege; redacted information identifies the clients. |
| ¶¶ 84–94 | Discusses fee payments in case of former clients of Plaintiff and Girardi Keese who have not waived privilege; redacted information identifies the clients. |
| ¶ 104 | Portion of the amounts of the Boeing settlements that is greater than the amounts made public. (It is publicly known that the amount stolen from each of these clients was $500,000. *See In re Lion Air*, No. 18-cv-7686, dkts. 848, 853.) While this does not reveal the entire amount of the Boeing settlements, Boeing has continued to assert a confidentiality interest in the settlement amounts beyond that which is publicly known. Plaintiff's request to seal should have more precisely described this situation, but sealing remains appropriate. |
| ¶ 112 | Multi Rizki's complete settlement amount. |
| ¶¶ 185–187 | Discusses fee payments in case of former clients of Plaintiff and Girardi Keese who have not waived privilege. |

## **CONCLUSION**

The redacted information in Plaintiff's First Amendment Complaint, (dkt. 179), should remain sealed.

                                                        Respectfully submitted,

                                                        **EDELSON PC**

Dated: September 28, 2022               /s/ J. Eli Wade-Scott
                                                        One of Plaintiff's Attorneys

                                                        Jay Edelson
                                                        jedelson@edelson.com
                                                        Alexander G. Tievsky
                                                        atievsky@edelson.com
                                                        J. Eli Wade-Scott
                                                        ewadescott@edelson.com
                                                        Angela Reilly
                                                        areilly@edelson.com
                                                        EDELSON PC
                                                        350 North LaSalle Street, 14th Floor
                                                        Chicago, Illinois 60654
                                                        Tel: 312.589.6370
                                                        Fax: 312.589.6378