## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) ) ) | Case No.: 1:20-cv-07115 |
| | ) | Hon. Matthew F. Kennelly |
| *Plaintiff,* | ) ) | |
| *v*. | ) ) | |
| | ) | |
| THOMAS GIRARDI, an individual, | ) | **DEFENDANTS DAVID LIRA AND** |
| GIRARDI KEESE, a California general | ) | **KEITH GRIFFIN'S MOTION TO** |
| partnership, ERIKA GIRARDI a/k/a ERIKA | ) | **TRANSFER VENUE TO U.S.D.C.** |
| JAYNE, an individual, EJ GLOBAL LLC, a | ) | **NORTHERN DISTRICT OF** |
| California limited liability company, | ) | **CALIFORNIA, OR IN THE** |
| GIRARDI FINANCIAL, INC., a Nevada | ) | **ALTERNATIVE, TO U.S.D.C.** |
| corporation, DAVID LIRA, an individual, | ) | **CENTRAL DISTRICT OF** |
| KEITH GRIFFIN, an individual, | ) | **CALIFORNIA PUSURANT TO 28** |
| JOHNSTON HUTCHINSON & LIRA LLP, | ) | **U.S.C. 1404** |
| a California limited liability partnership, | ) | |
| ROBERT FINNERTY, an individual, | ) | |
| ABIR COHEN TREYZON SALO, LLP, a | ) | |
| California limited liability partnership, | ) | |
| CALIFORNIA ATTORNEY LENDING II, | ) | |
| INC., a New York corporation, STILLWELL | ) | |
| MADISON, LLC, a Delaware limited | ) | |
| liability company, and JOHN DOE 1-10, | ) | |
| | ) | |
| *Defendants.* | ) | |

-------------------------------------------------------------

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 3

II.   LEGAL STANDARD ......................................................................................... 3

III.  THE TWO LAWSUITS ARE SUBSTANTIALLY THE SAME ...................... 4

IV.   LEGAL ARGUMENT ........................................................................................ 5

  A.  *Venue is Proper in Both Districts* ................................................................ 5

  B.  *The Convenience of Parties and Witnesses* ................................................. 5

    1.  Plaintiff's Choice of Forum ..................................................................... 6

    2.  The Situs of Material Events .................................................................... 7

    3.  Ease of Access to Sources of Proof ......................................................... 7

    4.  Convenience of the Witnesses ................................................................. 7

    5.  Convenience of the Parties ....................................................................... 8

V.    CONCLUSION ................................................................................................... 9

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*
626 F.3d 973 (7th Cir. 2010) ................................................................................................. 5

*Body Sci. LLC v. Boston Scientific Corp.*
846 F. Supp. 2d 980 (N.D. Ill. 2012) ................................................................................. 4, 6

*Body Sci. LLC*
846 F. Supp. 2d ..................................................................................................................... 5

*Chicago, Rock Island & Pacific R.R. Co. v. Igoe*
220 F.2d 299 (7th Cir. 1955) ................................................................................................. 7

*Coffey v. Van Dorn Iron Works*
796 F.2d 217 (7th Cir. 1986) ................................................................................................. 8

*Craik v. Boeing Co.*
37 F.Supp.3d 954 (N.D. Ill. 2013) ..................................................................................... 6, 8

*Heller Fin. v. Midwehy Powder*
883 F.3d 1286 (7th Cir. 1989) ............................................................................................. 8

*Moore v. Motor Coach Indus.*
487 F. Supp. 2d 1003 (N.D. Ill. 2007) .................................................................................. 6

*Quiro Holdings Inc. v. DirecTV, LLC,* 14-cv-7502 ...................................................................... 8

*RAH Color Technologies LLC v. Adobe Systems, Inc.,* 2018 WL 2393875 ........................... 6, 7, 9

**STATUTES**

28 U.S.C. §1391(b) ..................................................................................................................... 5

28 U.S.C. §1404(a) .................................................................................................................. 3, 8

California Penal Code §496 ..................................................................................................... 4, 9

4

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL:**

PLEASE TAKE NOTICE that Defendants DAVID LIRA and KEITH GRIFFIN seek an order transferring the instant case from the Northern District of Illinois to the Northern District of California, or in the alternative, to the Central District of California. Plaintiff Edelson PC has voluntarily filed two substantially similar lawsuits, alleging the same primary set of facts, in two separate judicial districts, initially here in the Northern District of Illinois ("Illinois Action") and subsequently in the Northern District of California, styled as *Edelson PC v. Lira et al.*, case number 3:22-cv-03977-JSC ("California Action")

After amending their complaint in the Northern District of Illinois on August 30, 2022, Plaintiff Edelson PC seeks to recover damages in both cases which arise from the identical set of underlying liability facts. In this Court, Edelson is seeking damages for its share of co-counsel fees, alleging claims of conversion, violation of California Penal Code §496, and fraud. In the California action, Edelson purports to recover funds for the Lion Air clients for which it allegedly accepted an assignment of tort claims in return. The two lawsuits allege the identical liability story of a Girardi fraud scheme. Edelson is claim splitting seeking two separate types of damages for the same alleged wrongful conduct. The California Action includes additional defendants, including Erika Jayne (Girardi's ex-wife) and her company as well as other third-parties, who are not likely subject to personal jurisdiction in Illinois.

In analyzing the criteria necessary to support a venue transfer, the factors overwhelmingly favor transferring the Illinois Action to California, the situs where the majority of the defendants in both actions reside, the location of the alleged malfeasance perpetrated by Girardi, and the only location where all the defendants in both cases are subject to jurisdiction. Most importantly, the interest of justice in consolidating two related cases in a single venue, where jurisdiction is

1

appropriate for all litigants, weighs heavily in favor of transfer. Further, there will not be any risk of inconsistent judgments.

The reason why this motion is seeking an alternative request for transfer to the Central District of California is because all appearing defendants in the California Action have filed motions to transfer the action from the Northern District of California to the Central District of California. See, California Action docket #77. Those motions are set to be heard on December 1, 2022.

This motion is based upon the Notice of Motion; the accompanying Memorandum of Law in Support of Transferring Venue; the declarations and exhibits submitted; and any oral argument requested by this Court.

Respectfully submitted,

/s/ Ryan Saba
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**Attorneys for Defendant Keith Griffin**

/s/      Edith Matthai
Edith R. Matthai, Esq.
Leigh P. Robie, Esq.
350 S. Grand Avenue, Suite 3950
Los Angeles, California 90071
(213) 706-8000
ematthai@romalaw.com
lrobie@romalaw.com
**Attorneys for Defendant David Lira**

**MEMORANDUM OF LAW**

## I. INTRODUCTION

This action should be transferred to California, which is the venue Edelson chose to file its companion lawsuit to recover damages for the claims assigned by the Lion Air clients. The Seventh Circuit analysis for a motion to transfer weighs heavily in favor of transferring this case to California. First, Edelson chose California as the venue to seek recovery of its alleged assignment damages in California, notably because Edelson expanded the defendant list to include additional parties, including Erika Jayne (Girardi's ex-wife) and her company EJ Global. Edelson also named George Hatcher, a former Girardi consultant as well as Chris Kamon, the former Girardi bookkeeper, all of whom reside in California and are not likely subject to personal jurisdiction in Illinois. The operative set of facts are virtually the same in both lawsuits. Despite the window dressing, the bottom line is that Edelson alleges a fraud scheme and seeks fraud damages in both lawsuits. The interests of justice, as recognized by this Court and the Seventh Circuit, weigh in favor of transferring a related case to a judicial district where complete relief can be granted, and the two cases can be consolidated or at minimum related for pretrial and trial purposes.

## II. LEGAL STANDARD

"A federal district court, in which a suit is filed with proper venue, may '[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought.'" *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (quoting 28 U.S.C. § 1404(a)). "Transfer is appropriate under Section 1404(a) where: (1) venue is proper in both the transferor court and the transferee court; (2) the transferee district is more convenient for the parties and witnesses; and (3) transfer would serve

3

the interests of justice." *Body Sci. LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 991 (N.D. Ill. 2012).

### III.     THE TWO LAWSUITS ARE SUBSTANTIALLY THE SAME

Both the California Action and the Illinois Action assert claims for Conversion; Receipt of Stolen Property in Violation of California Penal Code §496; and Deceit/Fraud, among other claims.

There are 42 allegation paragraphs that are identical or substantially the same. Attached hereto is a chart of those 42 paragraphs.

More importantly, the liability aspect which needs to be proved at trial is that Lira and Griffin aided Girardi in the theft of the money. Those allegations are nearly identical:

California: "Griffin, Lira, Kamon, Hatcher, and Wrongful Death Consultants each aided Girardi Keese in concealing and withholding the settlement funds from the Lion Air Clients." California Action at ¶ 302

Illinois: "Lira and Griffin aided Girardi and GK in concealing and withholding the Client Families' settlement monies from them." Illinois Action ¶ 165

For Edelson to obtain the damages sought in either lawsuit, they must establish that Lira and/or Griffin acted in concert with Girardi to commit fraud or steal. By claim splitting, there is substantial risk that when two different juries decide the issue of liability, there may be inconsistent judgments.

IV.     **LEGAL ARGUMENT**

A.  *Venue is Proper in Both Districts*

This Court has previously held that venue is appropriate in Illinois for the instant matter. However, venue for this case is also appropriate in California. Both Griffin and Lira reside in Los Angeles and are subject to jurisdiction in their home state. Plaintiff Edelson PC also maintains an office in California, which it has averred as a basis for venue in the California Action. *See* California Action, 3:22-cv-03977, Complaint, Docket Entry #1, para. 35 ("Venue is proper in this judicial District pursuant to 28 U.S.C. §1391(b) because Plaintiff maintains an office and conducts business in this District and a substantial part of the events giving rise to the claims alleged occurred in this District.").

Furthermore, a plain reading of the operative First Amended Complaint in the Illinois Action is that the vast majority of the facts revolve around alleged malfeasance at the Girardi office in Los Angeles. There are no allegations in the Illinois Action that relate to any conduct which occurred in Illinois.

B.      *The Convenience of Parties and Witnesses*

"In considering the convenience of one venue over another, courts consider five factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Body Sci. LLC*, 846 F. Supp. 2d at 992 (citing *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)). These factors favor transfer to California.

### 1.     Plaintiff's Choice of Forum

"In general, a plaintiff's choice of forum is given considerable deference." *Body Sci. LLC*, 846 F. Supp. 2d at 992. This means that "[a] district court grants an automatic degree of deference to a plaintiff's chosen forum for filing a suit such that 'unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed.' " *Craik v. Boeing Co.*, 37 F.Supp.3d 954, 960 (N.D. Ill. 2013). However, "[a]s essential as the plaintiff's choice of forum is, it is not absolute; and it may be neutralized as a factor weighing against transfer." *Id.* A plaintiff's choice of forum may be entitled to less deference "when the forum is not the plaintiff's home or residence," "when another forum has a stronger relationship to the dispute," or "when the forum of plaintiff's choice has no significant connection to the situs of material events." *See id*. (quoting *Moore v. Motor Coach Indus.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007)).

Although Edelson initially chose the Northern District of Illinois to file the fee dispute claims, much has changed.  Edelson filed an amended complaint in the Illinois Action which greatly expands the allegations and damages.  Further, Edelson has now filed a second action in California, upon the same facts and controversy, alleging similar claims against Lira and Griffin in the Northern District of California. All three factors favor transfer to California.  Edelson avers that it maintains and office and conducts business in California, and further states that a substantial part of the events giving rise to the claims alleged occurred in California.  *See* California Action Complaint, *Id.* at para. 35.  Further, it is anticipated that Edelson will oppose the numerous motions to transfer venue from the Northern District of California to Central District of California arguing their choice of forum is proper.  The opposition of Edelson to the motions to change venue in the California Action are due on November 10, 2022. The hearing on the motions to change venue are on December 1, 2022.

As this Court recognized in *RAH Color Technologies LLC v. Adobe Systems, Inc.,* 2018 WL 2393875, 18-cv-733, the plaintiff's choice of a forum, however, "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff," *Chicago, Rock*

6

*Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (internal quotation marks omitted), at least in a case like Chicago, Rock Island, in which the plaintiff sued outside her home forum.

### 2.     The Situs of Material Events

The events underlying this litigation have no significant relationship with the Northern District of Illinois. The claims of which Plaintiff complains surround alleged wrongdoings at the Girardi office in Los Angeles. Plaintiff does not allege that any fraudulent activity took place or related to any conduct in Illinois. In fact, all of the allegations of wrongdoing surround events that took place in Los Angeles, California. *See* Illinois Action, First Amended Complaint, 20-cv-7115, Docket No. 136-1.

### 3.     Ease of Access to Sources of Proof

Under most circumstances, this factor is entitled to a lesser amount of weight as documents in this current era are easily digitized and shared. "Long past are the days of backing up the truck to carry off the litigation boxes." *See RAH Color Technologies LLC v. Adobe Systems, Inc.*, 18-cv-733. Nonetheless, the documents that are at issue in this case, namely the fee sharing agreements, the accounting documents and the like were all generated in Los Angeles and now purportedly maintained by the bankruptcy trustee for Girardi and Girardi Keese in Los Angeles.

### 4.     Convenience of the Witnesses

The only witnesses at issue in this case with ties to Illinois are the Plaintiff attorneys at Edelson PC. The remainder of the parties and the witnesses are located in California.  Any claim of prejudice by Edelson in having to litigate in California is mitigated by the fact that it just filed a substantially similar fraud lawsuit against the defendants in this case, as well as several new parties in California. All of the newly added defendants in the recently filed California Action would necessarily be potential witnesses in the Illinois case, favoring a convenience finding in California.

### 5. Convenience of the Parties

"In evaluating the convenience to the parties of litigating in one district versus another, a district court considers the parties' respective residences and their ability to bear the expenses of litigating in a particular forum." *Craik,* 37 F. Supp. 3d at 961 (quotations omitted). "The convenience of the parties is less important than the convenience of nonparty witnesses because party witnesses are expected to appear voluntarily." *Id*. Here, Edelson has already demonstrated a willingness to participate and prosecute litigation in California, based on the recent filing in the Northern District of California. There would be no prejudice to litigate the issues in the Illinois Action, which are substantially similar to those in the California Action. In fact, this would certainly be most efficient for all the parties involved.

### C. *Interests of Justice and Familiarity with Applicable Law*

Consideration of the "interests of justice" under §1404(a) "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." (citing *Coffey*, 796 F.2d at 220). The Seventh Circuit has stated that factors typically considered "relate to the efficient administration of the court system." *Id*. at 221. . . In addition, the Seventh Circuit has stated that "related litigation should be transferred to a forum where consolidation is feasible." *Id*.; *see also Heller Fin*. *v. Midwehy Powder*, 883 F.3d 1286, 1293 (7Th Cir. 1989) ("trying related litigation together" is a relevant interests-of-justice factor) *See* RAH Color Technologies LLC, *supra* at 7.

District Judge John Lee followed the same analysis in litigation related to the *RAH* decision, stating, "But even more compelling than the statistics is the possibility of consolidation, which the Seventh Circuit has recognized weighs in favor of transfer. *See Coffey*, 796 F.2d at 221 (noting that "related litigation should be transferred to a forum where consolidation is feasible"). *See Quiro Holdings Inc. v. DirecTV, LLC*, 14-cv-7502, Docket No. 72, page 12. "Even in the absence of consolidation, informal synergies could be brought to bear to save costs and reduce duplicative proceedings." *Id.*

Another factor is the respective courts' familiarity with the applicable law. *See id.* This, however, is typically a consideration only in diversity cases. *See RAH Color Technologies*, *supra* at 7. As both the Illinois claims and the California claims involve the same transaction and occurrence, namely allegations of conversion, violation of California Penal Code §496, and fraud at the Girardi office in California, there is a high likelihood that both lawsuits should be consolidated for all purposes. Furthermore, as the Illinois Action is one based in diversity, and the Edelson is asserting California Penal Code claims, weight should be given to resolution by a California court.

A transfer is also necessary to avoid inconsistent judgments. In both cases, Edelson alleges the Defendants conspired with Girardi to cause damage. That liability allegation will be heavily disputed. The only difference between the two cases is type of damages sought by Edelson. That is quintessential claim splitting. What Edelson is trying to do is get two bites at the apple on liability. This is not appropriate nor is it judicially efficient.

### V. **CONCLUSION**

For the foregoing reasons, Defendants David Lira and Keith Griffin respectfully request that the Court transfer this case to the Northern District of California, or in the alternative, to the Central District of California (if the California Action is transferred to that District on December 1, 2022).

Respectfully submitted,

*/s/ Ryan Saba*
Ryan Saba – Pro Hac Vice
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**Attorneys for Defendant Keith Griffin**

9

/s/      Edith Matthai
Edith R. Matthai, Esq.
Leigh P. Robie, Esq.
350 S. Grand Avenue, Suite 3950
Los Angeles, California 90071
(213) 706-8000
ematthai@romalaw.com
lrobie@romalaw.com
**Attorneys for Defendant David Lira**