## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDELSON PC, an Illinois professional corporation, | ) ) | Case No.: 1:20-cv-07115 |
| | ) | |
| | ) | Hon. Matthew F. Kennelly |
| *Plaintiff,* | ) | |
| *v*. | ) | |
| | ) | |
| THOMAS GIRARDI, an individual, | ) | |
| GIRARDI KEESE, a California general | ) | **DEFENDANTS DAVID LIRA AND** |
| partnership, ERIKA GIRARDI a/k/a ERIKA | ) | **KEITH GRIFFIN'S REPLY TO** |
| JAYNE, an individual, EJ GLOBAL LLC, a | ) | **THE OPPOSITION TO THE** |
| California limited liability company, | ) | **MOTION TO TRANSFER VENUE** |
| GIRARDI FINANCIAL, INC., a Nevada | ) | **TO U.S.D.C. NORTHERN** |
| corporation, DAVID LIRA, an individual, | ) | **DISTRICT OF CALIFORNIA, OR** |
| KEITH GRIFFIN, an individual, | ) | **IN THE ALTERNATIVE, TO** |
| JOHNSTON HUTCHINSON & LIRA LLP, | ) | **U.S.D.C. CENTRAL DISTRICT OF** |
| a California limited liability partnership, | ) | **CALIFORNIA PUSURANT TO 28** |
| ROBERT FINNERTY, an individual, | ) | **U.S.C. 1404** |
| ABIR COHEN TREYZON SALO, LLP, a | ) | |
| California limited liability partnership, | ) | |
| CALIFORNIA ATTORNEY LENDING II, | ) | |
| INC., a New York corporation, STILLWELL | ) | |
| MADISON, LLC, a Delaware limited | ) | |
| liability company, and JOHN DOE 1-10, | ) | |
| | ) | |
| *Defendants.* | ) | |

-----------------------------------------------------------

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL:**

Defendants DAVID LIRA and KEITH GRIFFIN present this reply to the opposition filed by Plaintiff to the motion to transfer the instant case from the Northern District of Illinois to the Northern District of California, or in the alternative, to the Central District of California.

## I. EDELSON CONCEDES BOTH THE ILLINOIS ACTION AND CALIFORNIA ACTION ARISE FROM THE SAME SET OF LIABILITY FACTS.

There is no dispute that both the Illinois Action and California Action both arise from the alleged fraud of Thomas Girardi and his law firm as it relates to the Lion Air matter. Edelson concedes that the facts to prove liability are identical in both actions. Both the California Action and the Illinois Action assert claims for Conversion; Receipt of Stolen Property in Violation of California Penal Code §496; and Deceit/Fraud, among other claims.

There are 42 allegation paragraphs that are identical or substantially the same. Edelson's only response is that the California Action lawsuit is "twice as long". However, the genesis of both cases arises from the same underlying alleged misfeasance in handling the Lion Air litigation payment of money to the clients. In order to prove their claims in the California Action and the Illinois Action, Edelson will need to prove Mr. Lira and Mr. Griffin had knowledge of or participated in Mr. Girardi's wrongful conduct; Edelson will need to prove prior similar conduct on the part of Girardi in both actions; and Edelson will need to engage in analysis of the firm's finances and accounting in both actions.

1

Edelson tries to distance itself from the obvious and clear similarities of the two cases by arguing that the damages are different in the two actions. This is quintessential claim splitting. Essentially, Edelson is trying to get two bites at the liability apple in two different forums. Edelson is seeking its fees in the Illinois action and is seeking the missing funds in the California Action. To obtain either category of damages, Edelson will need to prove substantially the same facts and alleged bad acts. This may lead to inconsistent judgments – especially since the causes of action are identical.

## II.    EDELSON'S AMENDED COMPLAINT CAUSED THE FILING OF THE INSTANT MOTION.

Edelson spends great effort trying to convince this Court that Defendants' sole purpose of bringing this motion is for delay or a dilatory purpose. However, that is not true. It is Edelson that sought leave to amend and increased the scope of the instant litigation which caused the necessity of this transfer motion. Edelson's initial claim in the Illinois Action was for recovery of its own legal fees. Discovery was complete on that limited claim and a summary judgment motion was filed, heard and denied.

After the summary judgment motion was heard Edelson obtained leave to amend and filed a First Amended Complaint on August 30, 2022. [Docket #178.] Defendants did not answer the First Amended Complaint until September 20, 2022. [Docket #s 180 and 182.] The filing of the Amended Complaint necessitated additional time for discovery related to the new issues raised therein.

For the first time, in the Amended Complaint, Edelson expanded its claims to seek damages for "loss of attorneys' fees owed to it, investigation costs, reputational harm, and the costs of

litigating the contempt proceeding." [FAC at ¶¶158, 168, 176, 183, 199, 211.] While Defendants disagree that Edelson is entitled to these damages, it was Edelson that added new causes of action to try and get those remedies.

It was Edelson that voluntarily filed two substantially similar lawsuits, alleging the same primary set of facts, in two separate judicial districts. The delay was not caused by Defendants, but rather by Edelson.

### III. VENUE IS PROPER IN BOTH DISTRICTS

Edelson does not deny that venue is appropriate in California. Instead, Edelson argues that their choice of forum should be given weight. That is not the issue. The issue is that Edelson filed nearly identical lawsuits, alleging same or similar conduct, in two jurisdictions. The question is whether the instant case should be transferred. Since Edelson concedes that the California Action cannot be heard in Illinois because this Court would not have jurisdiction over the other Defendants that are part of the California Action, then the practical response is to transfer this action to California.

It should be noted that Edelson does not dispute or criticize or try to distinguish the holding by this Court in *RAH Color Technologies LLC v. Adobe Systems, Inc.,* 2018 WL 2393875, 18-cv-733, where this Court held the plaintiff's choice of a forum "has minimal value" in circumstances similar to this action.

IV. **IT IS OFFENSIVE AND UNPROFESSIONAL THAT EDELSON ARGUES THAT CALIFORNIA FEDERAL JUDGES ARE CORRUPT.**

Edelson argues that this case should not be transferred to California because Mr. Girardi "boasted of his expansive web of control in Los Angeles." [Opposition at page 9.] Essentially, what Edelson is arguing is that California Federal Judiciary is corrupt. It is beyond offensive to even suggest such a notion in an opposition, particularly without any evidence.

First, Mr. Girardi is not part of this lawsuit because he has filed bankruptcy. This action is stayed against him and his law firm. Mr. Lira and Mr. Griffin do not communicate or work with Mr. Girardi. Further, Edelson has no evidence that Mr. Lira or Mr. Griffin have any "web of control" over any judge.

Second, Edelson filed the California Action in California. If Edelson was worried about the influence of Mr. Girardi over the California judiciary, it would not have initiated litigation in California. Edelson's actions and positions are inconsistent. Edelson willing to say anything to serve their ultimate purpose – to collect their own attorneys' fees.

Third, there is absolutely no evidence that any judge in California is impartial in favor of Mr. Griffin or Mr. Lira. If such an outlandish claim was true, the assigned Judge is required to follow 28 U.S.C. §455 and voluntarily disqualify himself or herself if impartiality might reasonably be questioned.

Finally, Edelson tries to backpedal this offensive argument by stating: "The point is not that any federal judge in the Central District of California would have any actual bias in this case; it's a matter of public perception regarding the handling of matters related to Girardi in southern California." [Opposition at page 9.] There are two active bankruptcy actions in the Central District of California and there is no question about the integrity of the Federal Court to administer those

4

cases. More importantly, there is no determining factor for the decision to transfer an action regarding the "public perception" of how the matter may be adjudicated. Federal Judges have roles and responsibilities and they each make decisions that are consistent with their sworn oath. See, 28 U.S.C. §453. The suggestion to the contrary, without evidence, should be disregarded.

## V.    THE CONVENIENCE OF WITNESSES AND PARTIES FAVORS TRANSFER.

The only witnesses at issue in this case with ties to Illinois are the Plaintiff attorneys at Edelson PC. The substantial remainder of the parties and the witnesses are located in California or Indonesia.

Edelson argues that since depositions can be taken remotely, then there is no inconvenience for the California parties and third party witnesses. However, depositions are not the key factor – rather it is the trial testimony. Even looking at Edelson's Initial Disclosures, they identify 35 witnesses, of which, the only Illinois based witnesses are Plaintiff's counsel – Jay Edelson and Ari Scharg. Rafey Balabanian, another Edelson attorney, is based in the San Francisco Edelson Office and is admitted to both the Northern and Central District Courts of California.

The other remaining 33 witnesses do not reside in Illinois including 18 that reside in California and 9 which reside in Indonesia. Boeing's counsel - Mack Schultz—is in Seattle. Travel to Los Angeles from Seattle (flight approximately 2 hours and 39 minutes) is easier than travel to Chicago from Seattle (flight approximately 3 hours and 52 min). Travel to the Central District would be even easier. The remaining witnesses outside of California would have to travel to California to testify in the California Action.

5

Additionally, the newly added defendants in the California Action would likely be witnesses in the Illinois case, favoring a convenience finding in California.

Lira and Griffin filed their motion in the alternative because it is not clear whether the California Action will remain in the Norther District or be transferred to the Central District. If the California Action is transferred to the Central District, Edelson will have to obtain local counsel in the California Action. Having to obtain local counsel in this action would be no additional burden.[1] If the California Action is not transferred to the Central District, this matter should be transferred to the Northern District, and Edelson's argument regarding local counsel would be moot.

The claims, witnesses and damages in the two actions are almost identical, neither the Plaintiff nor the Defendants should have to litigate such identical claims in two forums simultaneously, deposing the same witnesses, and presenting substantially the same evidence at trial in both matters. To do so would dramatically increase the cost of litigation for both parties, funds which the Defendants do not have.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants David Lira and Keith Griffin respectfully request that the Court transfer this case to the Northern District of California, or in the alternative, to the Central District of California (if the California Action is transferred to that District on December 1, 2022).

---

[1] Additionally, Rafey Balabanian of the Edelson firm is admitted in the Central District of California

Respectfully submitted,

*/s/ Ryan Saba*

Ryan Saba – Pro Hac Vice
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com
**Attorneys for Defendant Keith Griffin**

/s/      Edith Matthai

Edith R. Matthai, Esq.
Leigh P. Robie, Esq.
350 S. Grand Avenue, Suite 3950
Los Angeles, California 90071
(213) 706-8000
ematthai@romalaw.com
lrobie@romalaw.com
**Attorneys for Defendant David Lira**

7